TERRITORY OF ARIZONA, RESPONDENT, *v.* ANTHONY DORMAN, APPELLANT.

CHARGE OF COURT TO JURY IN CRIMINAL CASE MUST BE IN WRITING; and unless a written charge be expressly waived by the defendant, a failure to give it is sufficient ground for the reversal of a judgment rendered against him.

WHERE JUDGMENT OF LOWER COURT IN CRIMINAL CASE IS REVERSED on appeal, the defendant may be tried anew in the court below. In such a case the law does not regard the accused as having been placed in jeopardy by the former trial.

APPEAL from the district court of Pima county. The opinion states the case.

*Coles Bashford*, for the appellant.

*J. E. McCaffry*, for the respondent.

By COURT:

At the October term of the district court sitting in and for the county of Pima, the defendant and appellant was indicted and tried and convicted of the crime of murder, committed by killing one Felipe Garcia on the sixth day of June, A. D. 1870, and was thereafter sentenced to be hanged.

Subsequently an appeal was taken to this court from the judgment, and the warrant for the execution of the accused stayed. No exceptions to the proceedings before, at, or after the trial are noted in the transcript. No motion was made for a new trial, and no statement upon the appeal accompanies the judgment roll. Accompanying the judgment roll is what purports to be the written charge of the court, but it is conceded that the charge to the jury was given orally and not read to the jury, and that the written charge attached to the judgment roll was not placed with the papers until some time had elapsed after the trial. It is not signed by the judge, nor does it appear to be filed with the papers in the case, as required by section 338 (Compiled Laws) of proceedings in criminal cases. The minutes of the court before us do not show that the defendant waived a written charge, and it is conceded that such waiver was not made by the defendant at the trial. The defendant's counsel asks us to set aside the judgment for this and other causes noticed in his brief.

It is unnecessary, as we think, that the court should examine and pass upon the points insisted on as error. We have before held that the failure of the judge to give his charge to the jury in writing, unless such written charge be waived by defendant as provided by the statute, is error, and entitles the accused to have the judgment set aside; and we have seen no good reason to depart from the decisions we have so made.

The question has been raised before us and elaborately argued by counsel, whether upon the reversal of the judgment in this case the defendant is entitled to be discharged, or whether a new trial should be awarded, and it has been argued that he is shielded from being again tried for the offense of which he was convicted by the provision contained in article 5 of amendments to the constitution of the

United States.   It is unnecessary to review the authorities upon this point, or even the cases cited by counsel.   The majority of the court are of the opinion that when a conviction has been had in a criminal case, and judgment has been rendered, and the judgment is reversed on application of the accused on the ground of error at the trial, he is not shielded by the constitutional provision cited from being tried anew for the same offense.   In fact, that no trial such as the law contemplates has been had, and that he has not been in jeopardy in the sense in which the term is used in the constitutional provision cited.   We are of the opinion that the judgment in the case should be reversed for the cause hereinbefore expressed, and a new trial had in the district court of the county from which the appeal was taken, and it is so ordered.