### JEFF. BUSTER v. THE STATE.

42  315<br>37a 238

1. VERDICT. It is the duty of the jury (1) To speak the truth between the State and the defendant by their verdict of "guilty" or "not guilty" of any one of the offenses of which he may be convicted under the indictment. (2) If they find defendant guilty of any offense included within the different degrees charged by the indictment, to assess the punishment.

2. VERDICT IN MURDER CASES. A verdict, " We, the jury, find the defend- " ant guilty, as charged in the indictment, and assess his punishment to " be hung by the neck until dead," is insufficient to support a judg- ment.

APPEAL from Lamar. Tried below before Hon. J. C. Easton.

*Johnson & Miner*, for appellant.

*N. G. Kittrell*, for State.

MOORE, J.   The court was not required, by the facts of this case, to instruct the jury on the law applicable to homicide below the grade of murder.   The charge given by the court, as it seems to us upon a general consideration of it, presented the distinction between murder in the first and murder in the second degree correctly, and with such reasonable clearness and applicability to the evidence as the necessities of the case required.   But as it is unnecessary to do so, we do not propose giving the charge such full and thorough examination as would enable us to say whether it is critically and precisely accurate in every particular.   Indeed, it may be, and probably is, in some of its clauses, if not to some extent slightly inaccurate, too loose and indefinite in its phraseology to be commended as a model for a charge in cases of so grave a character as the present.

The indictment charges that the act from which death ensued was done by the parties indicted, "feloniously, willfully, and of "their express malice aforethought."   The verdict of the jury is in the following words: "We, the jury, find the defendant "guilty as charged in the indictment, and assess his punish- "ment to be hung by the neck until dead."

It is insisted that this verdict will not warrant a judgment.

In the case of Holland *v.* The State (38 Texas, 474), the court has unquestionably decided that it will.   The indictment in that case charged the defendant "with deliberate and pre- "meditated murder."   And the court say: "The verdict of "the jury, as was said by Justice Roberts, in Slaughter *v.* The "State, 24 Texas, 410, is a literal compliance with Article 626 "Criminal Procedure (Paschal's Digest, Article 3090).   The ap- "pellant was charged with murder in the first degree, and the "jury found him 'guilty,' and assessed the punishment pre- "scribed for that offense.   There can be no doubt or ambiguity "in the verdict, and it is fully sufficient to support the judgment

"rendered.　If, as in Slaughter v. The State, the jury had found "the defendant guilty in general terms, and then had assessed "the punishment for a lower degree of homicide, their verdict "would have been irregular and ambiguous, and in disregard "of Article 3095, Paschal's Digest, but such was not the fact, "and we think the verdict sufficient under the statute and de- "cisions."

It will be observed, although the court says that the verdict is "sufficient under the statute and decisions," only two arti- ticles of the Code of Criminal Procedure, and one decision are specifically referred to or mentioned ; while Article 609 of the Criminal Code, having much more direct reference to the ques- tion then before the court than the Articles of the Code of Pro- cedure cited in the case of Slaughter v. The State, is not advert- ed to, and the case of Isbell v. The State (31 Texas, 139), which seems to be in direct conflict with this decision, is not no- ticed.

An examination of the case of Slaughter v. The State will show, we think, that it does not support the decision in Holland v. The State, and that the court in the latter case misappre- hended its true spirit and import.

Article 626, Code of Criminal Procedure reads : " The ver- "dict in every criminal action must be general; when there "are special pleas upon which the jury are to find, they must "say in their verdict that the matters alleged in such pleas are "either true or untrue : When the plea is not guilty, they must "find that the defendant is either ' guilty,' or not ' guilty,' and, "in addition thereto, they shall assess the punishment in all "cases when the same is not absolutely fixed by law to some "particular penalty."　Now this article does nothing more than to require the jury to draw the conclusion as to the guilt or innocence of the accused, and if guilty to assess, within the limits fixed by law, an adequate penalty, instead of merely find- ing the facts by special verdict, for the court to draw therefrom the legal conclusion.　It certainly does not intimate that the jury have fullfilled the measure of their duty, if their verdict

in connection with the record will not clearly show the offense of which they found the defendant, by their general verdict, "guilty" or "not guilty." For, says Article 630, "When a "prosecution is for an offense consisting of different degrees, "the jury may find the defendant not guilty of the higher de- "gree (naming it), but guilty of any degree inferior to that "charged in the indictment." And the succeeding article mentions the various offenses which include different degrees.

As it will be remembered, these articles were in the Code of Criminal Procedure when it was adopted in 1856. But by Act of February 12, 1858, it was further provided : "If the "jury shall find any person guilty of murder, they shall also "find by their verdict whether it is of the first or second de- "gree; and if any person shall plead guilty to an indictment "for murder, a jury shall be summoned to find of what degree "of murder he is guilty, and in either case if they shall find the "offense of murder to be of the second degree, they shall also "find the punishment."

The indictment against Slaughter charged him with murder in the usual forms, and the jury returned the following verdict :

"We, the jury, find the defendant guilty, and assess the pun- "ishment at confinement in the State penitentiary for the term "of twelve months." And this verdict the court held insuffi- cient to support a judgment under the articles of the Code of Criminal Procedure to which we have referred; no notice being taken of the Act of 1858, cited above, either because it was enacted subsequently to the trial of the case in the Dis- trict Court, or, as is more probable, because it was unnecessary to do so, as it was insisted that, in effect, the jury found the defendant guilty of manslaughter.

The duty of the jury with us, as says the code, is twofold.

*First.* To speak the truth between the State and the defend- ant by their verdict of "guilty," or "not guilty" of any one of the offenses of which he may be convicted, under the indict- ment.

*Second.* If they find defendant guilty of any offense included

within the different degrees charged by the indictment, to assess the punishment if the same is not absolutely fixed by law. It must clearly appear from the verdict, not only that there is no conflict in the finding of the jury on the issue of the guilt and the assessment of the penalty, but their determination in the one must be in harmony with, and supported by that in the other. To support the judgment, the court must be able to see from the verdict of "guilty," returned by the jury, that it authorizes and requires the assessment of a penalty affixed by law, or that the penalty assessed by the jury is warranted by law. And also that the jury are not mistaken in the character or degree of the offense of which they have, in fact, found the defendant guilty, and imposed a penalty not affixed to it by law. How can the court know this, unless the verdict finds the offense, or its degree, as well as the penalty? It is but arguing in a circle to say that the jury have found the defendant guilty of murder in the first degree because they have fixed the penalty of death; and that they were warranted in assessing the punishment of death because they have found him guilty of murder in that degree. The only hypothesis upon which, with the least degree of plausibility, we can look to the penalty assessed by the jury, to determine the degree of guilt found by the verdict of "guilty" is, that the jury could not have mistaken the law through ignorance or wantonness, and could not have been deceived or misled through prejudice or passion.

It is intimated, however, in the case of Holland v. The State, that the general verdict of "guilty" returned in that case was sufficient to warrant the judgment, because the defendant was charged by the indictment with murder in the first degree. The verdict, it is said, finds the defendant guilty as charged, and as he is expressly charged with murder in the first degree, the verdict must be held to find him thus guilty. To this it is sufficient to answer, that indictments in the usual form charge murder in the first degree as well as in the second. The court cannot therefore say, from a verdict of "guilty, as charged

" in the indictment," that guilt of murder in the first degree is legally imputed and ascertained, any more than that in the second. The question is resolved back into the simple proposition, whether or not the court can adjudge a penalty unless it can legally determine from the verdict, that the defendant has been convicted of an offense to which such penalty is affixed by law. The authority given the jury by the Constitution to mitigate the penalty in capital offenses to imprisonment in the penitentiary for life, in no way affects the matter.

Unless the defendant is found guilty of murder in the first degree, the court, as we have said, cannot say that they have not assessed a penalty not warranted. To guard against the possibility of such a result, and to prevent the commutation by juries of the penalties fixed by law, had, no doubt, great force in inducing the Legislature to require juries to find the degree of the offense in their verdicts, as well as to assess the penalty in those cases in which this duty is confided to them. But whatever may have been the motive for its enactment, thus it is plainly written in the Code, and until altered or repealed, it is evidently the duty of the court to observe and enforce it.

For want of a sufficient verdict to warrant the judgment, it is reversed, and the cause remanded.

Reversed and remanded.