## ZACH COLBATH *v.* THE STATE.

1. MURDER—VERDICT.—Notwithstanding an indictment charges that the accused did "unlawfully, willfully, feloniously, premeditatedly, and of his malice aforethought," kill and murder, etc., a verdict of "guilty as charged in the indictment," is not a good verdict, and will not support a judgment of conviction for murder in the first degree. It does not find whether the murder is of the first or of the second degree, as required by Article 609 of the Penal Code (Pasc. Dig., Art. 2268).

2. DRUNKENNESS.—Temporary insanity, resulting immediately from voluntary intoxication, does not destroy legal responsibility, or constitute a defense for crime; but, when the question is whether a murder is of the first or of the second degree, the fact of drunkenness may be proved, to show the

mental *status* of the accused at the time of the act, and thereby enable the jury to determine whether or not the killing resulted from a deliberate and premeditated purpose.

APPEAL from the District Court of Bexar. Tried below before the Hon. GEORGE H. NOONAN.

The appellant and Thomas Boyett were jointly indicted, but separately tried, for the murder of Ed Sappington. The facts of the homicide are fully stated in the case of *Boyett* v. *The State, ante*, p. 93; and in the opinion herein rendered will be found such matters as are peculiar to the present case.

*P. H. Ward*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, P. J. The defendant is charged in the indictment with murder in the first degree.

The 2d assignment of errors is " that the court erred in its charge to the jury, and especially the directions as to the verdict they should find."

The 4th error assigned is " that the verdict of the jury is not in accordance with the law and the evidence, in that it does not find whether the murder is of the first or second degree."

We propose to respond to these objections together, as they are the pivotal points upon which the case must be decided.

The district judge who presided at the trial, in his charge to the jury, correctly presented the distinctions between murder in the first and murder in the second degree. He then proceeded to instruct the jury as follows :

" If you believe from the evidence that the defendant is guilty of the crime of murder in the first degree, by taking

the life of Ed Sappington as charged in the indictment, you will find a verdict of guilty. The penalty that follows the foregoing verdict is death. But you may, in your discretion, change the penalty to imprisonment in the penitentiary for life. Therefore, in the event of a conviction as above indicated, and you are in favor of the death penalty, you will simply say, ' We, the jury, find the defendant guilty as charged.' If, however, you are in favor of imprisonment for life, in lieu of the death penalty, you will, instead of the foregoing verdict, say, ' We, the jury, find the defendant guilty as charged, and we assess the penalty therefor at confinement in the state penitentiary for the term of his natural life.' "

The jury returned the following verdict : " We, the jury, find the defendant guilty as charged, and recommend him to the clemency of the governor."

It is insisted by the counsel for defendant that the above charge is incorrect, and that the verdict will not warrant a judgment. Upon this verdict it was ordered, adjudged, and decreed by the district court " that the verdict of the jury herein be approved, that the defendant, Zach Colbath, be hung by the neck until he is dead, and that he now be remanded to the county jail, and that he there be securely kept by the sheriff until the execution of this judgment hereafter to be pronounced by the sentence of this court."

Article 630 of the Code of Criminal Procedure reads as follows : " When a prosecution is for an offense consisting of different degrees, the jury may find the defendant not guilty of the higher degree (naming it), but guilty of any degree inferior to that charged in the indictment." And the following Article of said Code of Procedure mentions the offenses which include different degrees. These Articles were in the Code of Criminal Procedure when it was adopted in 1856.

By an act of February 12, 1858, Article 609 of the Crim-

inal Code was adopted, which is as follows : "If the jury
shall find any person guilty of murder, they shall also find
by their verdict whether it is of the first or second degree ;
and if any person shall plead guilty to an indictment for
murder, a jury shall be summoned to find of what degree
of murder he is guilty ; and in either case, if they shall find
the offense of murder to be of the second degree, they shall
also find the punishment."

That portion of the charge of the court, and the verdict
of the jury, were erroneous ; for which this case must be
reversed. The case of *Buster* v. *The State*, 42 Texas, 315,.
is in point, so far as the indictment and verdict are concerned.
In the case of *Buster* v. *The State* the indictment charged
that the act from which death ensued was done by the
parties indicted, "feloniously, willfully, and of their express
malice aforethought." The verdict of the jury is in the fol-
lowing words : "We, the jury, find the defendant guilty as
charged in the indictment, and assess his punishment to be
hung by the neck until dead." It was insisted in that case,
as in this, that the verdict "will not warrant a judgment."
We will copy a portion of the able opinion delivered by
Moore, J., in that case :

"The verdict, it is said, finds the defendant guilty as
charged, and, as he is expressly charged with murder in the
first degree, the verdict must be held to find him thus guilty.
To this it is sufficient to answer that indictments in the usual
form charge murder in the first degree as well as in the
second. The court cannot, therefore, say from a verdict of
"guilty as charged in the indictment" that guilty ·of mur-
der in the first degree is legally imputed and ascertained,
any more than that in the second. The question is resolved
back into the simple proposition whether or not the court
can adjudge a penalty unless it can legally determine from
the verdict that the defendant has been convicted of an
offense to which such penalty is affixed by law. The author-

ity given the jury, by the Constitution, to mitigate the penalty in capital offenses to imprisonment in the penitentiary for life in no way affects the matter.

" Unless the defendant is found guilty of murder in the first degree, the court, as we have said, cannot say that they have not assessed a penalty not warranted. To guard against the possibility of such a result, and to prevent the commutation by juries of the penalties fixed by law, had, no doubt, great force in inducing the legislature to require juries to find the degree of the offense in their verdicts, as well as to assess the penalty in those cases in which this duty is confided to them. But whatever may have been the motive for its enactment, thus it is plainly written in the Code, and, until altered or repealed, it is evidently the duty of the court to observe and enforce it."

As this case will be reversed and remanded, we deem it proper that we should notice a point which will in all probability become necessary to be passed upon on another trial. One of the grounds insisted on by counsel for defendant, in their brief, for a reversal of the judgment is that the court below should have granted a new trial on account of newly-discovered evidence by which they say they would be able to show that the killing, if done at all by the defendant, was done in a state of " *drunkenness.*"

Temporary insanity, produced immediately by intoxication, does not destroy responsibility, where the person, sane and responsible, made himself voluntarily intoxicated. While intoxication *per se* is no defense to the fact of guilt, yet, when the question of intent and premeditation is concerned, evidence of it is material for the purpose of determining the precise degree. In all cases where the question is between murder in the first or murder in the second degree, the fact of drunkenness may be proved, to shed light upon the mental *status* of the offender, and thereby to enable the jury to determine whether or not the killing resulted from a

·deliberate and premeditated purpose. Our supreme court ·say : " The current rule upon this subject is that, although ·drunkenness neither aggravates nor excuses an act done by·a party while under its influence, still it is a fact which may .affect both physical ability and mental condition, and may be essential in determining the nature and character of the acts of defendant, as well as the purpose and intention with which they are done." *Farrell* v. *The State*, 43 Texas, .508 ; 1 Whart. Cr. Law, secs. 42, 43, 44.

For want of a sufficient verdict to warrant the judgment,. it is .reversed and the cause remanded.

*Reversed and remanded.*