## J. MILES *v.* THE STATE.

1. THEFT — VERDICT. — In a trial for the theft of property, alleged by the indictment to be worth $24, the verdict was: "We, the jury, find the defendant guilty of felony, and assess the penalty at two years in the state penitentiary." *Held,* that this verdict is not merely informal, but is insufficient in substance, because it fails to determine whether the accused was guilty of theft of property of the value of $20 or more, which was the primary issue to be affirmatively determined by the jury before they could assess the penalty specified in the verdict.

2. SAME. — Such a verdict might have been corrected, with the consent of the

jury, as provided by article 627 of the Code of Criminal Procedure; otherwise, the jury should have been sent back for further deliberation, as directed by the next article.

3. SAME. — It is not intended to impugn the position that, in a case admitting of degrees, if the verdict specially finds the accused guilty of a less degree than that charged in the indictment, and assesses a punishment appropriate to it, the verdict is tantamount to an acquittal of the higher degrees.

APPEAL from the District Court of Bexar. Tried below before the Hon. G. H. NOONAN.

*Ogden & Ogden* and *A. S. Chevalier*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State. The prisoner was tried for the theft of hides of the value of $24. Under the law he could have been convicted of a felony or a misdemeanor either, as the proof of the value of the property stolen would warrant. The verdict of the jury was in these words : "We, the jury, find the defendant guilty of a felony, and assess the penalty at two years in the penitentiary."

I submit the verdict was sufficient to warrant the judgment, and that the objection of counsel to its form is simply technical.

A verdict is the unanimous decision made by the jury and reported to the court, on the matters lawfully submitted to them in the course of the trial of a cause. 2 Bouv. L. Dic. 65.

Strict form is unnecessary in the verdict as given by the jury if it can be ascertained what the intention of the jury is. *Thompson* v. *Musser*, 1 Dall. 458.

If the point in issue can be collected from the finding, it is sufficient, and every reasonable construction is to be adopted in support of the verdict. *Porter* v. *Rummey*, 10 Mass. 64 ; *Crozier* v. *Gano*, 1 Bibb, 257 ; *Pichet* v. *Pichet*, 2 Bibb, 178 ; *Dennis* v. *Parker*, 2 Bibb, 427 ; 1 Root, 321.

And especially in a criminal case the verdict is sufficient

if the proper judgment to be rendered upon it can be pleaded in bar of another indictment for the same offense. *Chambers* v. *The People*, 4 Scam. (Ill.) 351.

Verdicts are to have a reasonable intendment and to receive a reasonable construction, and are not to be avoided except from necessity. *Simmons* v. *Pardue*, 9 Ga. 543.

If the verdict is entirely responsive to the charge in the indictment and the law, and is clear and intelligible, it is sufficient. *Hart* v. *The State*, 38 Texas, 383; *Koontz* v. *The State*, 41 Texas, 570; *Lindsay* v. *The State*, 1 Texas Ct. App. 331; *Mays* v. *The State*, 4 Texas, 38.

In the case at bar the meaning and intention of the jury is plainly expressed in the verdict, and the court below did not err in refusing to grant a new trial. *Chester* v. *The State*, 1 Texas Ct. App. 703.

The jury in this case necessarily had three issues submitted to them, viz.: first, Guilty or not guilty; second, Felony or misdemeanor; third, The extent of the punishment.

To these three issues the verdict responds in unmistakable terms.

WINKLER, J. It was insisted in this motion of the defendant for a new trial, among other reasons, that the verdict of the jury was contrary to the law and the evidence, and in his supplemental motion for a new trial it is alleged that "the verdict of the jury was too vague and indefinite, and too general in its terms, to sustain a judgment of sentence upon such verdict."

The verdict as set out in the transcript is as follows: "We, the jury, find the defendant guilty of felony, and assess the penalty at two years in the state penitentiary."

In *Slaughter* v. *The State*, 24 Texas, 410, it was said: "The term *verdict*, in its general signification, and according

to its import as used in judicial trials, denotes a true declaration by the jury. A true declaration of what?" asks the judge, who answers the interrogatory as follows: " Not of the punishment (for originally that was not the province of the jury), but of the issue made by the parties."

Referring to article 626 of the Code of Criminal Procedure (Pasc. Dig., art. 3091), the court, in the opinion in the case cited above, lays down this doctrine: " It is manifest, from this provision, that the main matter involved in the duty of jurors under our system is still to find and declare the truth of the issue between the parties ; and, having done this, their finding becomes the predicate for another thing incidental, *and in addition thereto*, to wit, the assessment of the punishment in certain cases. The jury is not given the power to assess the punishment at discretion, but only according to the predicate they lay for it by their finding of the issue. The court must be informed definitely of their finding on the issue, so as to see that their assessment was warranted. " Further on in the same opinion we find this language: "The indictment, the plea, and the verdict thereon constitute the record of the facts judicially ascertained, upon which the judgment must be pronounced as a legal consequence. "

In *Buster* v. *The State*, 42 Texas, 318, Mr. Justice Moore, delivering the opinion of the court, says : " The duty of the jury with us, as says the Code, is twofold: first, to speak the truth between the state and the defendant by their verdict of ' guilty or not guilty ' of any one of the offenses of which he may be convicted under the indictment ; secondly, if they find the defendant guilty of any offense included within the different degrees charged by the indictment, to assess the punishment if the same is not absolutely fixed by law. It must clearly appear from the verdict, not only that there is no conflict in the finding of the jury on the issue of the guilt and the assessment of the penalty, but

their determination in the one must be in harmony with, and supported by, that in the other. To support the judgment the court must be able to see from the verdict of guilty returned by the jury that it authorizes and requires the assessment of a penalty affixed by law, or that the penalty assessed by the jury is warranted by law.

Recognizing the force and correctness of the interpretation given, as above quoted, of the provisions of the Code of Criminal Procedure, as to the duty and province of the jury, und the effect of the verdict, we will briefly notice the issue to be determined in the present case in order to ascertain whether or not the verdict rendered by the jury comes up to the requirements of the law.

The appellant was charged by indictment with the theft of certain hides — with proper averments of ownership, want of consent, and intention of appropriation — alleged to be of the value, in the aggregate, of $24. The defendant pleaded " not guilty." The issue, then, upon which the jury was to speak the truth was the guilt or innocence of the accused. The guilt was affirmed by the state and denied by the accused.

Does the verdict speak the truth between the state and the defendant as to the issue of the guilt of the accused of having stolen the property charged in the indictment, of the value of $24? In order to justify the punishment imposed by the verdict it became necessary for the jury to find the primary fact that the accused was guilty of theft of property of the value of $20 or over. That this was necessary will not be questioned.

The argument on behalf of the state is that strict form in the verdict is unnecessary, and that, if it can be ascertained what the intention of the jury was, this will suffice ; and in support of the argument we are cited to several cases in the brief filed. But we must say in reply that none of the cases cited were decided under the Texas Code, and, be-

sides, they are civil cases; and that, in our opinion, the decisions of our own courts of last resort, in applying and construing our own statutes, must prevail.

The verdict of the jury in this case, in our opinion, does not determine that the defendant is guilty of the theft of the property of the value of $20 or over, which was the necessary issue to be determined before the jury was authorized to discharge the second duty of fixing the punishment.

The form of the verdict should have been corrected, agreeably to article 627 of the Code, or the jury should have been sent back for further deliberation, as directed in article 628.    Pasc. Dig., arts. 3092, 3093.

The authorities cited above do not, nor is it intended here to, intimate that the doctrine held in this opinion shall militate against the position that, in a case admitting of degrees, the verdict of the jury specially finding a defendant guilty of one of the lesser degrees, naming it, and affixing the appropriate punishment, is equivalent to an acquittal of the higher degrees.

For the reason that the verdict does not specifically find the accused guilty of the theft of property of the value of $20 or over, the judgment must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*