HENRY NETTLES *v.* THE STATE.

1. VERDICT. — Except in trials for murder, a general verdict finding the defendant guilty, and assessing a penalty appropriate to the offence expressly charged in the indictment, is a good verdict of conviction for that specific offence, notwithstanding the indictment includes minor degrees which are ignored in the verdict.

2. SAME. — In murder cases, if the jury find the defendant guilty of murder, their verdict must, as required by the Code, specify whether it be of murder in the first or the second degree.

APPEAL from the District Court of Navarro. Tried below before the Hon. D. M. PRENDERGAST.

The indictment charged assault with intent to murder. The facts are indicated in the opinion.

*Rice & McKee*, for the appellant.

*W. B. Dunham,* Assistant Attorney-General, for the State.

WHITE, J.    Appellant relies upon two supposed errors for a reversal of this case, viz. : first, that the venue was not proven ; and, second, that the verdict of the jury is insufficient in law to sustain the judgment.    In our opinion neither of these positions is tenable.

1.  Upon the first proposition, the State's witness Robinson, who was a night-policeman in Corsicana, after detailing the facts in regard to his hearing a pistol-shot in the direction of "Greasy Corner," and his running immediately to the place and finding defendant hiding behind some lumber, with a pistol upon his person, one chamber of which had been discharged, made him come out, and arrested him, says: "This all occurred in the State of Texas, county of Navarro, and city of Corsicana."    Harriet Cook, the party assaulted, after giving a very circumstantial account of the shooting by defendant and his arrest by the policeman, Mr. Robinson, says : "I lived at that time on the corner that is called Greasy Corner."    There can be no doubt as to the transaction of which these witnesses were speaking, and the testimony of Robinson alone, as above quoted, fully and unequivocally establishes the venue of the offence.

2.  The verdict of the jury is in the following words, viz. : "We, the jury, find the defendant guilty, and assess his punishment at three years' confinement in the penitentiary."

It is insisted that the charge in the indictment being for an "assault with intent to murder," and that offence being one including different degrees, that the verdict is insufficient because it does not find "*in totidem verbis*" the offence or degree of offence, *and name it*.    In other words, it is sought to apply to verdicts in assaults with intent to murder the same rules of strictness and particularity which obtain in verdicts in cases of murder.    Now, let us see what our

statutes prescribe upon the subject. Amongst others we find the following, which pertain more directly and immediately to the question :

" The verdict in every criminal action must be general ; where there are special pleas upon which the jury are to find, they must say in their verdict that the matters alleged in such pleas are either true or untrue ; where the plea is not guilty, they must find that the defendant is either ' guilty ' or ' not guilty,' and, in addition thereto, they shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty." Pasc. Dig., art. 3091. " Where a prosecution is for an offence consisting of different degrees, the jury may find the defendant not guilty of the higher degree (naming it), but guilty of any degree inferior to that charged in the indictment." Pasc. Dig., art. 3095.

In the chapter relative to " assault with intent to murder," etc., the following is contained : " The jury, in every case arising under this chapter, may acquit the defendant of the offence charged in the indictment, and may, according to the facts in the case, find the defendant guilty of an aggravated assault, or of assault and battery, or of simple assault, and affix the proper penalty to which such offence is liable by law." Pasc. Dig., art. 2160.

It follows from these statutes, first, that the verdict in all criminal cases must be general ; second, that in crimes admitting of or including lesser degress, where a lesser degree than the one named in the indictment is found by the verdict, the jury may acquit or find the defendant not guilty of the higher degree.

It seems that in ordinary felonies including degrees, whilst it would be eminently proper — as, in fact, it might be in all criminal cases of whatever grade — for the jury to name the offence of which they find the accused guilty, yet they are not positively required to do so, and *it " may "*

only be proper to do so when the party is found guilty of a lesser offence than that charged in the indictment. In all such cases, we take it that a general verdict of guilty, affixing a punishment corresponding with the offence charged in the indictment, will support and sustain a judgment of conviction for that offence. This court has more than once held that where there was a general verdict of guilty, imposing punishment for a lesser degree than that charged in the indictment, it would be sustained if upheld by reference to the issues made and submitted by the charge of the court to the jury.

The rule is different in murder cases, made so by the express terms of the statute, as will shortly be seen.

In Slaughter's case, the crime charged was murder. The verdict was : " We, the jury, find the defendant guilty, and assess the punishment at confinement in the State penitentiary for the term of twelve months." 24 Texas, 410.

There the fact is patent that the punishment affixed did not correspond with, nor was it commensurate with, the penalty prescribed for murder ; and the verdict contradicted itself. It was not " a true declaration, by the jury, of the issue made by the parties." Subsequent to the trial, in the District Court, of Slaughter's case, the Penal Code upon the subject of murder was amended, and the following additional provision engrafted upon it, viz. :

" If the jury shall find any person guilty of murder, *they shall also find by their verdict whether it is of* the first or second degree ; and if any person shall plead guilty to an indictment for murder, a jury shall be summoned to find of what degree of murder he is guilty ; and in either case, if they shall find the offence of murder to be of the second degree, they shall find the punishment." Pasc. Dig., art. 2268.

Here we see that in murder cases the jury are required absolutely to find by their verdict the degree, and to name

it in the verdict.  *Buster* v. *The State*, 42 Texas, 315; *Murray* v. *The State*, 1 Texas Ct. App. 417.

The objection to the verdict in this case is not well taken. We are unable to find any error committed upon the trial of this case in the lower court, requiring that the verdict and judgment should be disturbed, and the judgment is, therefore, affirmed.

*Affirmed.*