[No. 3504.]

MITCH SANDERS v. THE STATE.

1. PRACTICE — PLEA OF GUILTY.— It is expressly provided by statute that the plea of guilty "shall not be received unless it plainly appear that the accused is sane, and is uninfluenced by any consideration of fear, or by any persuasion or delusive hope of pardon, prompting him to confess his guilt." These essential concomitants of the plea of guilty must appear of record, else the plea is not good in law; and such a record showing is not accomplished by the recital in the judgment that, "after hearing the indictment read, the defendant's plea of guilty (after being duly and legally warned by the court, in open court, of the legal consequences of such plea, and, after being so warned, the defendant still persisted in pleading guilty)," etc.

2. SAME — PRESUMPTION OF LAW.— Ordinarily the sanity of a defendant is presumed until the contrary is made to appear, but, in prosecutions for crime, if it be proposed by the accused to plead guilty, the very reverse of this presumption is the rule, and the law assumes, until it is made otherwise to appear, that the accused is insane, or has been improperly influenced.

3. SAME — MURDER.— CHARGE OF THE COURT instructed the jury as follows: "The plea of guilty by said defendant is a plea of guilty to the highest grade charged, which is murder of the first degree. Upon his plea of guilty your only duty is to assess the penalty. You will, therefore, assess his punishment either at death, or at confinement in the State penitentiary for life." *Held*, fundamental error, in view of the express provision of article 607 of the Penal Code, which enacts as follows: "If the jury shall find any per-

son guilty of murder, they shall also find by their verdict whether it is of the first or second degree; and if any person shall plead guilty to an indictment for murder, a jury shall be summoned to find of what degree of murder he is guilty, and in either case they shall also find the punishment."

4. Same — Verdict.— Under the charge recited, the jury in this case returned their verdict as follows: "We, the jury, assess the punishment of the defendant, Mitch Sanders, upon his plea of guilty, at confinement in the State penitentiary for life." *Held*, that the verdict is an absolute nullity, in that it does not, as the statute positively and explicitly requires, declare of which degree of murder the accused is found guilty.

5. Same — Practice.— Since the perfection of this appeal, an application to dismiss the same, properly signed by the appellant, and authenticated by the district clerk, has been filed in this court. The application, however, is refused, because the conviction has been had without authority of law.

Appeal from the District Court of Limestone. Tried below before the Hon. L. D. Bradley.

The indictment in this case was a joint one against the appellant and one John Bagley. It charged them with the murder of Savannah Brown, in Limestone county, Texas, on the 13th day of March, 1885. Being alone upon trial, the defendant pleaded guilty, and the jury assessed his punishment at confinement in the penitentiary for life.

The record brings up no statement of facts.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

White, Presiding Judge. This is an appeal from a judgment of conviction for murder of the first degree, the penalty being assessed at imprisonment in the penitentiary for life. It is recited in the judgment that, "after hearing the indictment read, the defendant's plea of guilty (after being duly and legally warned by the court in open court of the legal consequences of such plea, and after being so warned the defendant still persisted in pleading guilty)," etc.

It is expressly provided by statute that *the plea of guilty* shall not "be received unless it plainly appear that he (the prisoner) is sane and is uninfluenced by any consideration of fear, or by any persuasion or delusive hope of pardon, prompting him to confess his guilt." (Code Crim. Proc., art. 518.)

Was the plea of guilty, as shown by the judgment recitals, sufficient under the law? Do the facts that he was *sane*, that he was uninfluenced by any persuasion or delusive hope of pardon, plainly appear? These are essential concomitants of such a plea, and they

must appear of record or the plea is not good in law. (*Saunders* v. *The State*, 10 Texas Ct. App., 336; *Wallace* v. *The State*, 10 Texas Ct. App., 407; *Frosh* v. *The State*, 11 Texas Ct. App., 280; *Harris* v. *The State*, 17 Texas Ct. App., 559; *Paul* v. *The State*, 17 Texas Ct. App., 583; *Turner* v. *The State*, 17 Texas Ct. App., 588.)

For most purposes, it is true, every individual is presumed to be sane until the contrary is made to appear ( *Webb* v. *The State*, 9 Texas Ct. App., 490), but the very opposite of this presumption is the rule where an individual proposes by a plea to confess his guilt of crime, whereby he appears to desire and invite the disgrace and punishment incident to it. In such cases, from his unnatural conduct, the law presumes either that he must be insane or that he has been improperly influenced. Hence in its humanity it will not permit advantage to be taken of his unfortunate infirmities or circumstances, and it has wisely provided that these things shall be inquired into, and the true state of case with reference to them made plainly to appear. The record does not show a sufficient plea of guilty.

Again: another fundamental error, fatal to the conviction, further appears of record. The jury were instructed that "the plea of guilty by defendant to said indictment is a plea of guilty to the highest grade charged, which is murder in the first degree. Upon his plea of guilty your only duty is to assess the penalty. You will therefore assess his punishment either at death or at confinement in the State penitentiary for life." Under this instruction the verdict of the jury was: "we, the jury, assess the punishment of the defendant, Mitch Sanders, upon his plea of guilty, at confinement in the State penitentiary for life." With regard to murder it is expressly provided by statute that, "If the jury shall find any person guilty of murder, they shall also find by their verdict whether it is of the first or second degree, *and if any person shall plead guilty to an indictment for murder, a jury shall be summoned to find of what degree of murder he is guilty, and in either case they shall also find the punishment.*" (Penal Code, art. 607.)

A verdict of guilty in a murder case is not valid under our Code unless it expressly finds, and declares explicitly and positively, the degree of murder of which the defendant is found guilty. Without the degree is thus found by the verdict, the verdict is an absolute nullity. (*Buster* v. *The State*, 42 Texas, 315; *Dubose* v. *The State*, 13 Texas Ct. App., 418; *Wooldridge* v. *The State*, 13 Texas Ct. App., 443; Clark's Crim. L. of Texas, p. 214, note "Verdict.")

It may appear a work of supererogation for a jury to be required to find the degree of murder where a prisoner pleads guilty

to an indictment charging him with murder of the first degree, but such is the law. It follows that the learned judge erred in his charge, and that the verdict of the jury is a nullity and absolutely void.

Since this appeal was taken an application has been filed, purporting to be signed by defendant, and which is properly authenticated by the district clerk (as we suggested might be done in *Paul* v. *The State*, 17 Texas Ct. App., 583), asking this court to dismiss this appeal. Our reasons for refusing to comply with said application are that appellant has not been convicted according to law, and without such conviction he should not be made to suffer the punishment illegally awarded against him, no matter how guilty he may be.

Because the plea of the defendant was insufficient, the charge of the court radically defective, and the verdict of the jury an absolute nullity, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

[Opinion delivered June 6, 1885.]