THE STATE V. SEVERSON.

**Criminal Law :** JUDGMENT OF GUILTY OF ONE OF SEVERAL COUNTS :
INFERENCE AS TO THE OTHERS. Defendant was tried before a
justice of the peace upon an information charging four distinct
offenses in as many counts. The justice found him guilty on the
first count, but made no finding of record upon the other counts.
*Held* that he was, by inference, acquitted on the other counts,
and that, upon an appeal by him to the district court, he could not
be again legally tried upon any but the first count.

*Appeal from Winneshiek District Court.*—HON. L. E.
FELLOWS, Judge.

FILED, MAY 9, 1890.

THE defendant was arrested and taken before a
justice of the peace on an information for selling intox-
icating liquor. The information contained four counts,
charging separate offenses. Upon the trial before the
justice the following appears to be his finding : " I find
defendant guilty as charged in count one of the infor-
mation." No specific finding is made as to the other
three counts, and a fine of fifty dollars was imposed.
The defendant appealed to the district court. In the
district court the question was submitted as to the
defendant's guilt on the four counts of the information;
and the jury specifically found the defendant not guilty
on the first, second and third counts, and guilty on the
fourth count. The defendant moved the court in arrest
of judgment, and for a new trial, on the ground that the
defendant had been acquitted before the justice on
the fourth count of the information, and that he could
not again be tried for the same offense, which motions
were overruled, and a fine and costs imposed, from
which the defendant appeals.

GRANGER, J.—The case is before us on a transcript,
and we are without brief or argument. The record sug-
gests only the one question : Was the finding of the

justice an acquittal as to the fourth count of the information? The cause was submitted to the justice on the testimony, and the record exempts none of the counts from the purposes of the trial. The counts of the information are numbered, and they specify separate offenses. The court finds the defendant guilty on one count only, and names the count "Count 1." The defendant, being put upon trial as to all the counts, was entitled to a finding as to all, and we think the legal inference of the finding and record is that the defendant was not guilty as to the counts 2, 3 and 4. The case of *State v. Matling*, 11 Iowa, 239, is quite distinguishable. In that case there were five counts in the information, and on the trial before the justice there was a general finding "as guilty as charged in the information." The inference from such a finding would be guilty on all the counts. But, if there had been a finding of guilt as to counts 1 and 2, no such inference could follow; but, on the contrary, an inference of acquittal would follow as to the counts not specified. The specification of guilt as to one or more counts operates to exclude the same finding as to others. In that case the court imposed a fine of twenty dollars, which was the penalty for but one offense, and the language of the opinion indicates that the justice made a "general finding" on all the counts, and imposed a fine for a "general offense." If the judgment was general on the information, the appeal therefrom would bring up the entire case for retrial, for there was no record of acquittal as to any count, either in terms or by legal inference. In this case before the justice there was a finding of guilty as to "count 1." No judgment of conviction could have been upon any other count, and there could be no appeal as to an offense not prosecuted to judgment. The appeal is from the judgment. Code, sec. 4697. As a legal inference, the defendant stood acquitted, before the justice, of the information, except count 1. In the district court he was acquitted of count 1, and hence he stands acquitted of the entire information. The judgment is                      REVERSED.