McGEE v. THE STATE.

*Lumpkin, J.*—1. Where, after conviction of a criminal offense, the accused sued out a bill of exceptions and obtained a reversal of the judgment of the trial court, and thereafter, for sufficient legal reasons, the original accusation was "nol prossed" and the accused put on trial upon a new accusation charging the same offense, a plea of *autre fois acquit*, alleging in substance the facts above recited, was properly overruled.

2. The only error assigned in the bill of exceptions now under review being the overruling of the above mentioned plea, no cause for reversing the judgment below appears.

November 15, 1895.                    *Judgment affirmed.*

Accusation of cheating and swindling. Before Judge Williamson. City court of Monroe county. August term, 1895.

McGee was tried and found guilty of cheating and swindling. See the report of the case made under the former accusation (*ante*, 199), where the judgment was reversed because the court below erred in adjudging the defendant guilty. After the return of the remitter to the city court, the solicitor-general took an order to enter a *nolle prosequi* on the accusation, over objection of defendant's counsel. A new accusation was then preferred, making the same allegations as those in the former accusation. The defendant was arraigned, and pleaded former acquittal. The plea was overruled; defendant was again found guilty by the judge without a jury; and for review of this finding he brought his bill of exceptions, alleging: (1) That the court erred in overruling his plea of former acquittal; for when the entry of *nolle prosequi* was made, it was a final ending of the case; and when the case was before the court with the waivers, he was in jeopardy. (2) That upon the merits of the case, he is not guilty; for that the Ashworth mortgage was not in suit and had not been foreclosed, nor was there any effort on Ashworth's part to collect the mortgage debt out of the property. The evidence showed, that after making the Ashworth mortgage (which was duly re-

corded) on a cow, pony and buggy, defendant represented to Stephens & Ensign that there were no liens on the property, and thereby procured them to extend him a credit, giving them a mortgage on the property. This was foreclosed, and the property sold by a bailiff thereunder. In order to save costs, Stephens & Ensign agreed that the proceeds of sale should be paid to Ashworth, who had not foreclosed his mortgage but was proposing to do so and to take the proceeds. His mortgage was for $19.45; that of Stephens & Ensign was for $22.70. The property brought at sale $19.25; and after paying a tax *fi. fa.* and the costs of foreclosure and sale, about $13 went as a credit on the mortgage of Ashworth. The occurrences showing a loss to Stephens & Ensign were after the making of the first, but before the second accusation.

*Persons & Persons*, for plaintiff in error.
*O. H. B. Bloodworth, solicitor-general*, contra.