### RANDELL MARSHALL v. THE STATE.

No. 3091.   Decided April 15, 1914.

Rehearing denied May 13, 1914.

**1.—Local Option—Void Judgment—Habeas Corpus—Former Jeopardy.**

Where defendant was convicted upon a void statute, towit, the former in-
determinate sentence law, and did not appeal, but two days thereafter sued out
a writ of habeas corpus, which was denied by the District Court, but granted
on an appeal to this court, relieving him of such void judgment and sentence,
but remanding him for another trial, he could not plead such former void judg-
ment as former jeopardy, and this, although he may have suffered part of the
punishment thereunder.   Following Ogle v. State, 43 Texas Crim. Rep., 219,
and other cases.

**2.—Same—Writ of Habeas Corpus—Void Judgment.**

Had not the former judgment and sentence been absolutely void, this court
would not have given any relief under the writ of habeas corpus.   Distinguishing
Dubose v. State, 13 Texas Crim. App., 418; Grisham v. State, 19 Texas Crim.
App., 504.

**3.—Same—Punishment—Constructive Imprisonment.**

Where defendant, by his act, in applying for a writ of habeas corpus had
stayed the hands of the officers and could not from and after the date of grant-
ing the writ be legally confined in the penitentiary and as a matter of fact was
not so confined, his contention that he was constructively in the penitentiary
undergoing part of the punishment in a void judgment is untenable, but even
if he was, if he secured his release by writ of habeas corpus, a plea of former
jeopardy would not lie.

**4.—Same—Rule Stated—Void Judgment.**

When a person institutes proceedings and secures the annullment of the judg-
ment, and it is declared void, it will no more avail him as a defensive plea than
it will avail the State to punish him thereunder.

**5.—Same—Rule Stated—Waiver—Jeopardy.**

If on motion of defendant, the verdict is set aside or vitiated, a waiver of
objection to being again put in jeopardy will be implied, and he may as a rule,
be tried again, and this is so, though the defendant has served out a part of the
sentence.

Appeal from the District Court of Grayson. Tried below before the Hon. M. H. Garnett.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Spearman Webb* and *Hamp P. Abney,* for appellant.—On question of former jeopardy: Grisham v. State, 19 Texas Crim. App., 504; Quitzow v. State, 1 id., 47; Simco v. State, 9 id., 338; Shepherd v. People, 25 N. Y. App., 406; Hartung v. People, 26 id., 167.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of violating the prohibition law, and sentenced to one year confinement in the penitentiary.

The record in this case presents but one question that need be discussed—in fact, in his brief this is the only question presented by appellant. The facts agreed to, show that appellant was indicted August 9, 1913; was tried August 18, 1913, in the District Court of the Fifty-ninth District, and the jury returned a verdict stating: "We, the jury, find the defendant guilty as charged in the indictment," assessing no penalty. Thereafter, the court entered a judgment on this verdict, and on September 13th sentenced appellant to serve a term in the penitentiary for not less than one year nor more than three years. The appellant did · not appeal from this judgment and sentence, but two days after sentence was pronounced, on September 15, 1913, he sued out a writ of habeas corpus before the judge of the Fifteenth Judicial District, and upon hearing was remanded. From that judgment he appealed to this court, and this court in the case of Ex parte Randell Marshall, 72 Texas Crim. Rep., 83, 161 S. W. Rep., 112, relieved him of said judgment and sentence, holding that they were unauthorized and void, and remanded relator for another trial.

When the case was again called in the Fifty-ninth District Court, appellant entered a plea of former jeopardy, and while there is a motion to strike it out on the ground that the plea is insufficient, we will not pass on that question, as the matter presented is one of importance and likely to often arise, and should be definitely settled.

In the first place we will say, that had not the former judgment and sentence been absolutely void, we could have given no relief under the writ of habeas corpus. As said in Church on Habeas Corpus, sec. 353: "An erroneous sentence rendered by an inferior court having jurisdiction of the person, place and subject matter can not be successfully attacked upon habeas corpus, unless it is so far erroneous as to be absolutely void." Our own decisions have always followed this rule: Ex parte Japan, 36 Texas Crim. Rep., 482; Ex parte Dickerson, 30 Texas Crim. App., 448, and authorities cited. The reason why the sentence and judgment were held void was, that the law under which they were rendered and entered

was held void, and the court had no authority to enter such judgment and sentence. And a plea of former jeopardy, or any other plea, can not be based upon void judgments. In Bishop's Crim. Proc., sec. 1005, 3 ed., it is said: "The test is, that if the verdict sufficiently finds anything, whether for or against the defendant, judgment will be rendered on the one side or the other for what is thus found; otherwise the work of the jury will be treated as null, the judgment if entered will be arrested, and the defendant may be tried anew," citing authorities. And this is the rule adopted in this court in the case of DuBose v. State, 13 Texas Crim. App., 424, wherein Judge White quoted the above excerpt, and said: "His first trial resulted in the following verdict rendered by the jury, viz.: 'We, the jury, find the defendant, John Dubose, guilty as charged in the indictment, and assess his punishment at confinement in the penitentiary for life.' Judgment was rendered on this verdict, but upon motion of defendant in arrest, it was set aside and a new trial awarded him. Though not shown specifically by the record, doubtless the motion was sustained upon the ground that the verdict failed to find the degree of murder of which the jury ascertained defendant to be guilty, which fact is made essential by statute in verdicts of convictions for murder. (Penal Code, art. 607; Buster v. State, 42 Texas, 315; Brown v. State, 3 Texas Crim. App., 294; Krebs v. State, 3 Texas Crim. App., 348; Colbach v. State, 2 Texas Crim. App., 391; Boothe v. State, 4 Texas Crim. App., 202; Nettles v. State, 5 Texas Crim. App., 386.)

"On the second trial, which ensued after the new trial above noticed was awarded, defendant set up the former trial and conviction and the new trial in a special plea, claiming that they operated as an acquittal. This plea of former acquittal was excepted to by the district attorney, and on his motion was stricken out by the court. It is urged on this present appeal that the court erred in sustaining said exceptions, and in striking out said plea.

"In Simco v. State, 9 Texas Crim. App., 338, this court had occasion to discuss the nature, character and effect of the special pleas of former jeopardy, autrefois acquit and convict, and one of the rules laid down as established both by statute and decision was that a defendant is not exempt from a second trial for the same offense where a new trial has been granted on his motion; and that if he moves in arrest of judgment, *or applies to the court to vacate a judgment already rendered, for any cause,* and his motion prevails, he will be presumed to waive any objection to being put a second time in jeopardy, and so he may ordinarily be tried anew. (Code Crim. Proc., art. 21; 1 Bish. Crim. Law, 4 ed., sec. 844.)

"Such being the law, and the verdict of the jury being clearly insufficient and void, because it failed to find the degree of murder of which the defendant was found guilty, it was most clearly the duty of the court to declare it a nullity, set it aside, and arrest the judgment to be rendered upon it; and under such circumstances, whether the new trial is awarded ex mero motu by the court or upon defendant's motion, the rule

is the same; defendant may again be placed upon trial, and a plea of former jeopardy will not avail him. And, the verdict being a nullity, it could not possibly operate an acquittal of murder in the first degree. (See Buster v. State, 42 Texas, 315.) It was not error, therefore, for the court to strike out defendant's special plea and hold him to a second trial, as was done." To the same effect is Sterling v. State, 25 Texas Crim. App., 716, and Garza v. State, 39 Texas Crim. Rep., 358.

Appellant relied on the case of Grisham v. State, 19 Texas Crim. App., 504, an opinion by Judge White, who also rendered the opinions in the cases of Dubose and Sterling, hereinbefore referred to, and Judge White certainly intended to announce no different rule to that announced by him in the Dubose case, rendered prior to the Grisham opinion, and in the Sterling case rendered by him subsequent to that time, and in the Grisham case he makes it plain that the reason he held the plea good was, the *verdict and judgment* in the Grisham case *were valid,* and defendant had suffered at least a part of the punishment, and the judgment was set aside by the court without the *solicitation of the defendant.* He had in no way sought to have himself relieved from the effects of the verdict and judgment.

The facts in this case do not bring appellant within the rule there announced, but in this case, within two days after the rendition of the sentence, appellant moves by applying for habeas corpus to be relieved of any and all punishment under the judgment, sentence and verdict theretofore rendered and entered, and on his motion and solicitation, and by virtue of proceedings brought by him he is by this court relieved from undergoing the penalty fixed by the judgment and sentence, this court holding the verdict was insufficient in law upon which to base the sentence and judgment.

However, in his brief appellant contends that he was "constructively" in the penitentiary from September 13th to November 13, 1913, the date this court rendered the opinion holding the judgment and sentence void. We do not think the facts in this case justify any such conclusion, for two days after sentence he applied for and was granted a writ of habeas corpus by the District Court, and from that time until this court disposed of his appeal, had he been conveyed to the penitentiary, the officer so doing would have been in contempt. Appellant by his act in applying for the writ, had stayed the hands of the officers, and he could not from and after the date of granting the writ be legally confined in the penitentiary, and as a matter of fact he has not been, nor is it contended that he has been confined therein. So he has undergone no part of the punishment. But if this were not true, and he had undergone part of the punishment under a void judgment, if he secured his release therefrom by applying for a writ of habeas corpus, a plea of former jeopardy would not be sustained. This question is exhaustively discussed by Judge Davidson in the case of Ogle v. State, 43 Texas Crim. Rep., 219. In that case Ogle had been convicted and served nearly eighteen years in the penitentiary, and secured his release on habeas corpus because the grand jury

that returned the indictment was composed of more than twelve men, and was therefore void. The court held that as he had instituted proceedings to obtain his release from the judgment on the ground that it was void, the fact that he had served eighteen years in the penitentiary would not avail him, when he had not served the full term of punishment. Had he not instituted proceedings to have the judgment declared void, and served the punishment fixed thereunder, the rule would be otherwise, but when a person institutes proceedings and secures the annullment of the judgment, and it is declared void, it will no more avail him as a defensive plea than it will avail the State to punish him thereunder. The judgment and sentence having been declared void by this court, it is no longer a legal judgment and sentence, even though it may appear on the record of the District Court of Grayson County, and can not be made the basis of a plea of jeopardy. In Am. & Eng. Ency. of Law, Vol. 17, p. 606, the rule is said to be: "If on motion of defendant the verdict is set aside or vacated, a waiver of objection to being again put in jeopardy will be implied, and he may as a rule be tried again, and this is so though the defendant has served out a part of the sentence." In this case it was at the instance of and on application made my appellant that the original judgment and sentence were vacated and held void, and as upholding this rule in addition to the authorities cited from Texas cases are cited from the following courts of last resort: Kendell v. State, 65 Ala., 492; Territory v. Donman, 1 Ariz., 56; Stewart v. State, 13 Ark., 720; People v. Travers, 73 Cal., 580; Gibson v. State, 26 Fla., 109; McGee v. State, 97 Ga., 360; Phillips v. People, 88 Ill., 160; State v. Arnold, 144 Ind., 659; Brown v. United States, 52 S. W. Rep. (Indian Ter.), 56; State v. Severson, 79 Iowa, 750; State v. McNaught, 36 Kan., 624; Com. v. Arnold, 83 Ky., 1; State v. Oliver, 39 La. Ann., 470; Cochrane v. State, 6 Md., 400; Com. v. Green, 17 Mass., 515; People v. Murray, 89 Mich., 276; State v. Brecht, 41 Minn., 50; Morris v. State, 8 Smed. & M. (Miss.), 762; State v. Patterson, 88 Mo., 88; State v. Thompson, 10 Mont., 549; McGuinn v. State, 46 Neb., 427; State v. Blaisdell, 59 N. H., 328; Smith v. State, 41 N. J. L., 598; People v. Dowling, 84 N. Y., 478; State v. Rhodes, 112 N. C., 857; Lesslie v. State, 18 Ohio, 391; State v. Huffman, Add (Pa.), 140; State v. Stephens, 13 S. C., 285; State v. Reddington, 8 S. Dak., 315; Campbell v. State, 9 Yerg. (Tenn.), 333; Briggs v. Com., 82 Va., 554; State v. Friedrich, 4 Wash., 204; Younger v. State, 2 W. Va., 579; State v. Hill, 30 Wis., 416, and other cases cited on pages 606, 607, of Vol. 17.

The United States Supreme Court, in the case of Murphy v. Mass, 177 U. S., 155, held: "Their plea of former jeopardy can not be sustained, because it is quite clear that a defendant who procures a judgment against him upon indictment to be set aside may be tried anew upon the same indictment for the same offense of which he had been convicted," citing authorities.

This is the rule adopted in this court, except that in case the verdict is insufficient, and the judgment and sentence void, as said by Judge

White in Dubose v. State, supra, the court on his motion may set it aside before punishment is undergone. However, in this instance it was set aside and held void by this court at the request of appellant, and the court did not err in striking out the plea, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied May 13, 1914.—Reporter.]