### S. W. OGLE v. THE STATE.

#### No. 2200. Decided June 22, 1901.

**1.—Constitutional Law—Grand Jury—Indictment—Jurisdiction.**

An indictment found and returned by a grand jury constituted of thirteen men is a nullity and absolutely void under provisions of article 5, section 13, of our Constitution, which declares that grand juries shall be composed of twelve men; and such an indictment can confer no jurisdiction upon any court of the offense charged.

**2.—Same—Former Jeopardy.**

An indictment found by a grand jury composed of thirteen men being an absolute nullity, a conviction thereunder is not a bar to a subsequent prosecution and conviction under a good and valid indictment for the same offense. There was no jeopardy occasioned by the former trial, inasmuch as the indictment being void, the court was without jurisdiction under it to try and convict defendant.

**3.—Same—Jurisdiction by Consent.**

A defendant can not by consent give jurisdiction to a court to try him under a void indictment, and thereby make the judgment rendered a bar to a subsequent prosecution under a valid indictment.

**4.—Same—Imprisonment Under Void Indictment.**

Where defendant was convicted under a void indictment and was subsequently released from the penitentiary by habeas corpus, after he had served a number of years by virtue of his illegal conviction, he is not, after his conviction upon a subsequent valid indictment entitled to a credit upon his second term of conviction of the time he so served under his void conviction.

Appeal from the District Court of Hill. Tried below before Hon. W. Poindexter.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The indictment charged appellant with the murder of Allen Sams, on the 4th day of March, 1881, by shooting him with a pistol and a gun, and by setting fire to his clothing and burning him.

This is the second time appellant has appealed from a conviction for this murder. The former appeal will be found in Ogle v. State, 16 Texas Criminal Appeals, 361.

There being no question raised on this appeal as to the sufficiency of the evidence to support the conviction, a statement of the evidence attendant upon the murder is not required.

*Ivy & Scruggs, A. W. Cunningham,* and *J. P. Wood,* for appellant.— As to the charge of the court presenting to the jury the issue of murder in the first degree herein, defendant shows that, having been once convicted of murder in the second degree for the same offense, all of which was admitted in the cause, and was not controverted, defendant says, notwithstanding the former indictment was found by a grand jury composed of thirteen men, which according to the decisions of this court rendered the judgment of conviction void, still he says that while this might be true, the judgment was void only as to him and not as to the State, at least to this extent: the judgment being for murder in the second degree, was an acquittal of murder in the first degree, as decided in the case of Mixon v. State, 34 Southwestern Reporter, 290, and in Anderson v. State, 7 Southwestern Reporter, 40. Defendant was tried before a jury of his peers as indicated in the Constitution of Texas, and could not again be tried for the same offense. We submit that that portion or clause of the Constitution, which provides (Bill of Rights, article 1, section 14), "Nor shall a person be again put upon trial for the same offense after a verdict of not guilty in a court of competent jurisdiction," is of as much dignity and force as that portion or clause of the Constitution which provides that a grand jury shall be composed of twelve men, and that the provision in the Bill of Rights against being again put upon trial for the same offense after a verdict of not guilty in a court of competent jurisdiction, is certainly intended to protect defendants against being twice tried for the same offense, no matter how irregular the proceedings may be; that notwithstanding a grand jury may be impaneled and organized by the district court composed of more men than twelve, still if the court which provides and organizes the machinery by which

a citizen is brought to trial should commit such errors and the indictment should be void for any cause whatever, the citizen is protected from any further prosecution for the same offense. The District Court of Hill County was certainly a court of competent jurisdiction of the offense charged, even though the jurisdiction had not been properly invoked in the particular case, and to put a person upon trial again in said court for the same offense after verdict had been actually rendered in said court, finding defendant not guilty of murder in the first degree, would be a plain and positive violation of the Bill of Rights, which provides against such second trial. It seems that it was contemplated by the Constitution that its own provisions might be violated, that is, that a grand jury composed of more than twelve men might be organized by the district court to find indictments, and that such indictments might be void for such illegalities, and still the Bill of Rights itself provides in favor of a citizen, that he shall, notwithstanding any and all such illegalities and unconstitutional proceedings, be protected from the consequences of such illegalities, by providing that he shall never again be put on trial for the same offense if once tried in a court of competent jurisdiction and acquitted.

As to the refusal of the court to give the special charge of the defendant, instructing the jury to acquit the defendant, as he had once been tried for this same offense and released from his punishment by the Court of Criminal Appeals on habeas corpus, we submit that in the original prosecution defendant was convicted of murder in the second degree, which was tantamount to an acquittal, indeed constituted an acquittal of murder in the first degree, and having been convicted of murder in the second degree, and having suffered punishment therefor in accordance with the judgment of the court for nearly eighteen years, when he was released, the State should be estopped to further prosecute him. There was no reversal of the case; on the contrary the case on appeal from the former conviction was affirmed by the Court of Criminal Appeals, and that under such circumstances, the plea of former conviction should be a bar to any further prosecution.

Further, defendant maintains that inasmuch as he suffered punishment under the former conviction for the period of nearly eighteen years, and having been again convicted of the same grade of offense and for the same offense, and his punishment assessed at five years in the penitentiary, the last conviction being the legal conviction, if legal at all, then he is entitled to credit for the time he so served on such former conviction, and that in this cause, the jury on this trial having adjudged him guilty, and having assessed his penalty at five years, he has more than satisfied such penalty, and ought to have been discharged. If the defendant had been formerly convicted and his punishment assessed at five years in the penitentiary, and he had served said time out in full, under such former conviction, and had then again been tried for the same offense, and again convicted and his punishment assessed at five years in the penitentiary, then he would have served out the entire term of punishment, and the

case would be parallel with the case of Davis v. State, 39 Southwestern Reporter, 937, where the court holds that where a person has been erroneously convicted, and has suffered the punishment assessed against him, he can not be prosecuted the second time for the same offense.

Now, if such would be the case in the event above supposed, then for a seemingly stronger reason, where a person has been erroneously convicted, and has suffered a much greater penalty than is imposed on him on the second trial, he should be entitled to be discharged or acquitted on such second trial.

*Wear, Morrow & Smithdeal, D. Derden, B. Y. Cummings,* and *C. F. Greenwood,* County Attorney, for the State, as to the invalidity of the former indictment because the grand jury presenting the same was composed of thirteen members, cited:   Lott v. State, 18 Texas Crim. App., 627; McNeal v. State, 19 Texas Crim. App., 49; Smith v. State, 19 Texas Crim. App., 95; Swain and Turner v. State, 19 Texas Crim. App., 323; Rainey v. State, 19 Texas Crim. App., 479; Wells v. State, 21 Texas Crim. App., 595; Harrell v. State, 22 Texas Crim. App., 692; Ex parte Reynolds, 35 Texas Crim Rep., 437; Ex parte Ogle, 61 S. W. Rep., 122.

The case of Mixon v. State, cited by appellant, to our minds, is not in point and has no application whatever in this case.   The first trial in the Mixon case was upon an indictment merely defective in that it failed to allege the character of the weapon with which the defendant slew the deceased.   Nevertheless it was an indictment, though irregular, emanating from a grand jury, and while former jeopardy could not attach upon such defective indictment, yet under the plain letter of the law former acquittal could attach.   But we are not dealing with a defective indictment in this case.   We are dealing with a proposition where there was no indictment at all.

The case of Davis v. State, 39 Southwestern Reporter, 937, cited by appellant, does not touch the question involved here, but only relates to convictions had upon indictments, complaints, and informations that are defective, for in all such cases the court's jurisdiction unquestionably attaches, however informal or irregular the indictment, complaint or information may be, and the same may be said of the reasoning of Judge Hurt in the case of Anderson v. State, 7 Southwestern Reporter, 40, in so far as the same is confined to legitimate and necessary discussion of the questions involved in that prosecution.

In conclusion, upon this question, we submit that under the repeated decisions of this court and those of other jurisdictions the purported trial of the appellant in 1883 was an absolute nullity; that there was no grand jury, and consequently no indictment.   There being no indictment there was no case before the court; there was nothing before the court for its jurisdiction to attach to; that there could be plea entered by the defendant because there was no indictment; and for all these reasons there could be no acquittal of murder in the first degree nor former conviction of murder in the second degree, and all the proceedings

from beginning to end being void ab initio, therefore the appellant's imprisonment was voluntary on his part, in law, and not in satisfaction of any judgment, because under the circumstances no judgment could be rendered, and that consequently the court did not err in the trial of this cause in placing the defendant upon trial for murder in the first degree, and did not therefore in any sense violate that provision of the Constitution which provides "Nor shall any person be again put upon trial for the same offense after a verdict of not guilty in a court of competent jurisdiction," for he had never theretofore, in law, been put upon trial for the same offense.    18 Texas Crim. App., 627; 19 Texas Crim. App., 48, 95, 323, 479; 21 Texas Crim. App., 594; 22 Texas Crim. App., 692; Const. of Texas, secs. 10, 19, art. 1, and sec. 13, art. 5; 35 Texas Crim. Rep., 438; Ex parte Ogle, 1 Texas Ct. Rep., 816; Harris County v. Stewart, 41 S. W. Rep., 652.

*Rob't A. John,* Assistant Attorney-General, for the State.—In addition to the able brief filed by cocounsel Hon. C. F. Greenwood, the State would further submit:

1.    That the error assigned that the court erred in charging the jury upon murder in the first degree is rendered harmless in this case even though for argument sake error be conceded, because the verdict of the jury has acquitted appellant of that degree of homicide.    Appellant was in this trial charged with murder and tried for murder involving the two degrees, the verdict being a conviction of murder in the second degree, the punishment being assessed at five years confinement in the penitentiary.

It may be conceded that the former conviction in this case shows that appellant had been acquitted of murder in the first degree, even though the indictment on which his acquittal is based is absolutely void and that this acquittal is jeopardy.    Yet his trial and acquittal in this trial and upon the indictment in this case, which is valid, for murder in the first degree, renders the error, if any, harmless.    This law is as old as Matthews v. State, 6 Texas Criminal Appeals, 41.

2.    The State further submits that as to murder in the second degree the plea of former jeopardy is not tenable, upon the following propositions:

Appellant having been in the first trial convicted upon the indictment found by thirteen grand jurors, renders the indictment void.    The indictment being void renders the judgment based upon the same also absolutely void.    This has been clearly demonstrated by the argument and authorities cited in Mr. Greenwood s brief.

If appellant immediately after conviction had availed himself of this defect and had attacked the judgment and the indictment as being void, the same would be in the nature of a motion to arrest the judgment. Upon motion to arrest the judgment for a defect in the indictment under the statute, the same must be a substantial defect.    Code Crim. Proc., art. 827.    And upon a motion to arrest the judgment, the same being a

suggestion by defendant of the invalidity of the same, he, by his appealing to that motion, waives his plea of jeopardy. This is so clear that I do not deem it is necessary to cite authorities except American and English Encyclopedia of Law, volume 17, page 591.

Appellant not availing himself of the motion to arrest the judgment, but submitting to the same, if the judgment is void it is unquestionably, as has been shown by authorities cited in brief of cocounsel, his right to have the same reviewed under the writ of habeas corpus after the adjournment of the trial court. Although in the nature of a collateral attack it is available when a judgment is void, as in the original trial of appellant in the case at bar. But the writ of habeas corpus and a review of the same, because of a substantial defect in the indictment, or because the indictment is void, if appealed to by appellant, is in the nature of a motion to arrest the judgment. It certainly has no higher effect. He has the same rights as he has under the motion to arrest the judgment, and a successful application for the writ of habeas corpus certainly can have no higher effect than a successful motion to arrest the judgment. In both cases appellant, by conjuring up the defect in the pleadings, takes the advantage of availing himself of that defect to obtain a discharge, and a deliverance from the judgment rendered against him, and by that act waives the plea of jeopardy. The State lays down the following propositions as sound:

(1) As a general rule jeopardy does not attach where the trial was upon the indictment so defective that a valid judgment could not be rendered upon it. Parchman v. State, 2 Texas Crim. App., 228; Simco v. State, 9 Texas Crim. App., 338; Grisham v. State, 19 Texas Crim. App., 504; Ex parte Porter, 16 Texas Crim. App., 321; Tyman v. State, 34 Texas Crim. Rep., 363; Williams v. State, 34 Texas Crim. Rep., 433.

In the Grisham case, supra, Judge White lays down the rule, which is as follows: "When the indictment is in form so defective that the defendant, if found guilty, will be entitled to have any judgment entered thereon reversed for error, he is not in jeopardy, and should he be acquitted, he will be liable to be tried on a new and valid indictment."

In the Tyman case, Judge Davidson used the following language: "Where the indictment is too defective to form the basis of a judgment, a trial thereunder can not afford jeopardy as against a good indictment charging the same offense sought to be set out in the first."

And again in the Williams case, 34 Texas Criminal Reports, 433, Judge Davidson says: "The plea showed upon its face that the former opinion was so fatally defective that it could not form the basis of a prosecution, and a judgment rendered thereon would have been a nullity." He therefore for that reason held that the court did not err in eliminating the issue of jeopardy.

(2) The State submits that it is further a sound proposition that if by reason of the defect appellant has obtained his deliverance from the force and effect of a judgment he can not avail himself of jeopardy. It might be questioned that if appellant obtained his acquittal, not by

reason of the defective indictment, but after having joined issues with the State in a court of competent jurisdiction and had won his verdict of not guilty, that the State then could not of its own motion institute a subsequent prosecution. But where the appellant has lost his battle and seeks to wrest from the State the fruits of its victory by an appeal to the defect in the indictment itself, it is immaterial whether the same be by motion to arrest the judgment, or after the adjournment of the court by writ of habeas corpus, if the vice in the indictment was the cause of his deliverance, he will not be heard to claim that he was in jeopardy. This contention seems to be the true philosophy of the question of jeopardy. However, the rule is stated harsher than this, that although the defect in the indictment not contributing to his acquittal, yet the weight of authority would seem, even then, to hold if the indictment was invalid or void that he may be again tried. See numerous authorities cited in 18 Am. and Eng. Enc. of Law, p. 590.

But even conceding that the rule is as the State has heretofore asserted, that is, that jeopardy does attach unless his verdict of acquittal was obtained by reason of the defect, the same does not apply in this case, because appellant's deliverance from the effect of the judgment rendered against him was obtained upon his own motion by virtue of the writ of habeas corpus.

3. The State submits a further proposition, that while there are some authorities which hold that a conviction obtained upon a void indictment, after the appellant has suffered and satisfied completely the penalty assessed, that he can not again be tried because he has fully paid the penalty. This is the philosophy of the Davis case, cited by appellant. Mr. Bishop on this question says: "After the erroneously convicted person has suffered the full penalty of the law, another principle, yet probably not our constitutional guaranty, intervenes to prevent a second prosecution. It would resemble a civil suit to recover a debt already paid; and a punishment paid is no more due a second time than a civil debt." Bishop under the same head says: "But an attainted man who has served out a part of his term of imprisonment, if on his own prayer, he has a reversal, has waived his jeopardy and is subject to a new prosecution." 1 Bishop Crim. Law, 1023. The two authorities cited to sustain that text are Alabama and Maryland cases. The State quotes from the Alabama case as follows: "The fact that the prisoner has served a portion of the prescribed imprisonment before the reversal of his case can not change the principle. The failure of the court to delay the punishment pending the proceeding in the Supreme Court may give the prisoner a strong claim to executive clemency for a reduction of the period of imprisonment, but it does not present any legal bar to another trial." Jeffries v. State, 40 Ala., 381.

The American and English Encyclopedia of Law, volume 17, page 591, also states: "Where a person is convicted under a void indictment and a penalty inflicted in full, he can not be again prosecuted for the

same offense. But a partial endurance of the punishment will not bar another prosecution where the proceedings are reversed on the defendant's motion. In such case he waives his jeopardy." Citing numerous authorities to sustain the same. In the same volume, under the head of "Waiver after Verdict," page 606, it is stated as a general proposition: "If on the defendant's motion the verdict is either set aside, the judgment is arrested or vacated, or a new trial granted, or on his appeal the judgment is reversed, a waiver of objection to being again put in jeopardy will be implied, and he may as well be tried anew; and this is so though defendant at the time of its reversal has served out a part of his sentence." Numerous authorities are cited to sustain this text. And the verbiage of the same is so general and emphatic that the vacation of the same, at the instance of the defendant, would imply a waiver, that the State feels authorized in asserting that this implied waiver of the plea of jeopardy is to be assumed whether vacation of the judgment is obtained by arresting the same before the adjournment of the court by a motion to arrest the judgment or whether subsequent to its adjournment a writ of habeas corpus is appealed to in order to vacate the same.

It is therefore submitted by the State that appellant's plea of jeopardy was of no avail against the conviction for murder in the second degree, and the case for that reason should be affirmed.

DAVIDSON, Presiding Judge.—In 1883 appellant was convicted in Hill County of murder in the second degree, and his punishment assessed at ninety-nine years in the penitentiary. On appeal that judgment was affirmed. During our recent Dallas term application was made in his behalf for the writ of habeas corpus, on the ground that the conviction was void, and the court trying him had no jurisdiction because the indictment was presented by a grand jury consisting of thirteen men. On the hearing of the writ appellant was discharged from the penalty of the former conviction. On April 27, 1901, a new indictment was preferred by a grand jury of Hill County. Upon this trial appellant was again convicted of murder in the second degree, and his punishment assessed at five years confinement in the penitentiary. The latter indictment was in the usual form, and charged murder in the first as well as the second degree. Appellant pleaded in bar of murder in the first degree his acquittal of that degree under the former indictment, and his conviction of murder in the second degree, which, he says is also a bar to a prosecution for murder in the first degree in this case. He also pleaded conviction for murder in the second degree in bar of his trial for that offense under the present indictment; and further, if the second plea was not well taken, then, under his previous conviction for ninety-nine years, he had served something over seventeen years of that time before being discharged, and asked, in case of his conviction for murder in the second degree under this indictment,

that he be allowed that seventeen years as a credit on whatever punishment the jury might assess in this case. The court sustained the demurrer to that portion of the plea which claimed a credit for the time served in the penitentiary under the previous conviction. The State replied to the pleas in bar, that the prior indictment was absolutely void; that the District Court of Hill County acquired no jurisdiction, and therefore the judgment was void. Appellant relies on Mixon's case, 35 Texas Criminal Reports, 458, in support of his plea of former acquittal of murder in the first degree. The case is not in point. In that case the question of jurisdiction was not an issue. The indictment, though defective on its face, was returned by a legal grand jury. The jurisdiction of the court was not questioned. That case simply holds that an acquittal under an indictment defective on its face as to averments, will support the plea setting up that defense under the theory that it was an irregularity provided for by our statute and Bill of Rights. The particular clause of the Bill of Rights referred to provides: "Nor shall a person be again put upon trial for the same offense after verdict of not guilty in a court of competent jurisdiction." Bill of Rights, art. 1, sec. 14. Before a verdict of not guilty can be obtained, there must be a court of competent jurisdiction to try the case, and its jurisdiction must legally attach in order to authorize a trial. The jurisdiction in Mixon's case had attached, but, the first indictment being defective, a new trial was awarded. On the subsequent trial, acquittal was pleaded in bar of those degrees of homicide of which the accused was acquitted on the first trial. This was ignored by the trial court, and on appeal held error. But this is not the question here presented. In that case there was jurisdiction. In this case there was not The Mixon case has reference to voidable judgments. This case presents the issues of the effect of a void judgment,—one rendered by a court without jurisdiction of the cause it sought to try. We deem it unneccessary to enter into a discussion of judgments or proceedings which are voidable. That question is not involved here. The prior judgment in this case is not voidable, but void, and was set aside by this court by the procurement of appellant. Now, is the first indictment in this case void? The facts show it is, for it was returned by a grand jury composed of thirteen men. If void, then its presentment did not attach the jurisdiction of the District Court of Hill County. Lott v. State, 18 Texas Crim. App., 627; McNeese v. State, 19 Texas Crim. App., 49; Smith v. State, 19 Texas Crim. App., 95; Ex parte Swain, 19 Texas Crim. App., 323; Rainey v. State, 19 Texas Crim. App., 479; Wells v. State, 21 Texas Crim. App., 596; Kennedy v. State, 22 Texas Crim. App., 693; Mays v. State, 36 Texas Crim. Rep., 437; Ex parte Ogle (Dallas term, 1901), 61 S. W. Rep., 122. So far as we are aware, jurisdiction of the court trying the cause is an essential prerequisite where jeopardy is pleaded. "No matter how far the proceedings may go, there is no jeopardy, unless the court has jurisdiction to try the offense."

17 Am. and Eng. Enc. of Law, pp. 586, 587; Wemyss v. Hopkins, L. R. 10 Q. B., 378; Ex parte Lange, 18 Wall., 163, 21 L. Ed., 872; United States v. Ball, 163 U. S., 662, 16 Sup. Ct. 1192, 41 L. Ed. 300; Nicholson v. State, 72 Ala., 176; Bradley v. State, 32 Ark., 722; State v. Nichols, 38 Ark., 550; State v. Cheek, 25 Ark., 206; State v. Ward, 48 Ark., 36, 2 S. W. Rep., 191, ·3 Am. St. Rep., 213; Harp v. State, 59 Ark., 113, 26 S. W. Rep., 714. The same rule is laid down in California, Colorado, Georgia, Illinois, Indiana, Iowa, Kentucky, Massachusetts Mississippi, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, Vermont, Virginia, Washington, and West Virginia. For collation of authorities from these States, see 17 Am. and Eng. Enc. of Law, p. 587, note 1. The same rule obtains in this State. Id. "Where the grand jury finding the indictment is illegally organized, * * * the indictment is invalid, and consequently a trial based on it will not bar a subsequent prosecution for the same offense." Id. p. 588; Finley v. State, 61 Ala., 201; Weston v. State, 63 Ala., 155; Brown v. State, 10 Ark., 607; Joy v. State, 14 Ind., 139; Kohlheimer v. State, 39 Miss., 548. Speaking of the same subject, Mr. Bishop says: "When the grand jury is organized so imperfectly as not to be a lawful body, there is no valid indictment, therefore no jeopardy." Bish. Crim. Law, sec. 1021, citing 39 Miss., 548; 61 Ala., 201; 63 Ala., 155. The Kohlheimer case, 39 Mississippi, 548, is directly in point. The substance of that opinion is: "Where the indictment under which a party has been tried and convicted or acquitted is void on the face of the record, because of the illegal organization of the grand jury who found and returned it, such acquittal or conviction is not, either by the common law or the statute of this State, a bar to a subsequent prosecution for the same offense. It is otherwise where the indictment is merely voidable for matter dehors the record." In that case appellant had been tried under an indictment returned by an illegal grand jury, which sought to charge murder, but had been acquitted of the murder and found guilty of manslaughter. This acquittal was set up in bar of murder upon a second trial under a good indictment. Speaking of the constitutional inhibition that no person for the same offense shall be twice put in jeopardy of life and liberty, the court said: "The same provision is contained in the Constitution of the United States, and the Constitutions of most, if not all, the States; and the decisions of the courts have constantly recognized the principle, under their written Constitutions, so fully established by the common law, that, 'if the indictment be so defective in form that a valid judgment could not be pronounced upon it against the defendant, he has not been in jeopardy, and, if acquitted, the acquittal would be no bar to another prosecution for the same offense.' [Citing many authorities.] It is further said by Mr. Bishop, upon the authority of many adjudged cases, 'that, if sentence be pronounced upon conviction, the defendant will be protected, while the judgment remains unreversed, not because he has ever been in jeopardy, but because of

a general and very important principle of law, that an erroneous final judgment, rendered by a competent tribunal having jurisdiction over the subject matter, is voidable only,' etc. But he further says in this connection: 'Where a man is brought before a tribunal that has no jurisdiction over the offense with which he is charged, or that has its existence by virtue of an unconstitutional act of the Legislature, or that is holding a term of court unauthorized by law, or that for any other reason has no authority to try him, he is not in jeopardy, however far such tribunal may proceed with the case. And in most, and probably all, of these circumstances the final judgment, when pronounced, is not "voidable," as mentioned in a previous section, but void, so that his conviction, unreversed, is no more a bar to another prosecution than his acquittal.' [That court cites many authorities in support of this proposition.] Mr. Wharton, in his American Criminal Law (section 541), says: 'A legal acquittal in any court of competent jurisdiction, if the indictment be good, will be sufficient to preclude any subsequent proceedings before every other court.' " The court then makes this general proposition: "It seems to be clear, therefore, upon principle, as well as authority, that neither at common law nor by our Constitution will an acquittal or conviction (where the penalty has not been inflicted) upon a void proceeding or indictment operate as a bar to a subsequent indictment for the same offense. It can not, therefore, be said that the defendant has been acquitted of the crime of murder by his conviction of manslaughter upon an indictment which is pronounced in this proceeding to be void because not found by a competent grand jury, as appears by this record," etc. Kohlheimer v. State, 39 Miss., 548.

Our Bill of Rights (article 1, section 14) provides: "No person for the same offense shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense after a verdict of not guilty in a court of competent jurisdiction." Article 5, section 13, of the Constitution requires: "Grand and petit juries in the district court shall be composed of twelve men." When there are more than twelve men, what effect has it upon the indictment and the jurisdiction of the court? As far back as Lott's case, 18 Texas Criminal Appeals, 627, a grand jury composed of more than twelve members has been held illegal, its acts nullities, and the indictment preferred by such grand jury void, and could not form the basis of a prosecution. In that case we find the following language: "We see from these provisions that a citizen can only be convicted and punished for a felony by the due course of the law of the land, and by authority of the indictment of a grand jury. The district court can only acquire jurisdiction to hear and determine a felony case by an indictment of a grand jury. It has no more authority to hear and determine a felony case without an indictment of a grand jury thus presented than would a justice of the peace. No court in this State has such jurisdiction and authority. What constitutes a grand jury? Our Constitution answers the question plainly and emphatically. It says, 'Grand and petit juries in the district courts

shall be composed of twelve men, but nine members of a grand jury shall be a quorum to transact business and present bills.' There is no authority of law for a grand jury composed of any other number of men than twelve. Thirteen do not and can not constitute a grand jury. If thirteen could be considered a grand jury, so could one, five, fifty or any other number that the fancy of the judge organizing the same might dictate. With respect to petit juries it is well settled that it must consist of the exact number prescribed by the Constitution. In Stell v. State, 14 Texas Criminal Appeals, 59, it is said: 'The record must show that the jury was a legal one, and if it does not the error is a radical one, which will be considered on appeal, whether properly availed of in the court below or not, because "due course of the law of the land" demands a legal conviction by a legal jury.' If, then, a trial by jury composed of fewer or more than twelve, the constitutional number, be an infringement of the right of trial by jury, and not a trial by due course of the law of the land, for the same reason the action of a body of men fewer or more than twelve in number can not be regarded as the action of a grand jury. Such a body of men is unknown to the law, and its acts, being wholly without authority of law, are absolutely null, and a pretended indictment preferred by such a body can have no legal standing or effect whatever. It can not confer any jurisdiction of the case upon the court." To the same effect is McNeese v. State, 19 Texas Crim. App., 49; Smith v. State 19 Texas Crim. App., 95; Ex parte Swain, 19 Texas Crim. App., 323; Rainey v. State, 19 Texas Crim. App., 479. In Rainey's case we find this language: "This error does not appear to us to be a mere irregularity, but one of fundamental and vital importance, such as renders all proceedings, each and every step in the prosecution, void. * * * This objection is not to irregularity in forming, or to the personnel of, the grand jury. The objection that it was composed of thirteen men strikes deeper. It denies that such a body of men, under our Constitution, is a grand jury at all. * * * We therefore conclude that the Legislature, if disposed, has no power to invest the courts of this State with jurisdiction to try felony cases, save in the manner prescribed in the Constitution; that there is no power in the Legislature to give jurisdiction over felonies in direct violation of the Constitution, nor can the prisoner, either by mistake or unguardedly, confer jurisdiction on the courts to try and punish for felonies. He will not be permitted to sacrifice his life or liberty and entail infamy on his posterity; for this mighty commonwealth has an interest in the lives, liberty, and character of the citizen. * * * To compose a constitutional grand jury, the panel must be composed of twelve persons, neither more nor less. A greater or less number is not a grand jury. The number of persons of which the panel is composed is, in this State, a question of constitutional law; and no man can, by his consent, will, carelessness, or ignorance, constitute a grand jury to convict and punish for a felony. The party must be tried upon an indictment. What an indictment is, is a matter of law. It is the act of a grand jury. What con-

stitutes a grand jury is a matter of law. Unless indicted by a grand jury, there is no jurisdiction in the court to try the defendant; and it will not be questioned that no man, either by his expressed consent, laches, or ignorance, can confer jurisdiction to try for a felony. The citizen can not be put upon his defense on a charge of felony, or be convicted of crime, except in the exact mode prescribed by law, and a fortiori if prescribed by the Constitution." See also Wells v. State, 21 Texas Crim. App., 596; 22 Texas Crim. App., 693; Ex parte Reynolds, 35 Texas Crim. Rep., 437. In the latter case, it was said: "This court has held, and we see no reason for changing our opinion, that a body composed of more than twelve men is not a grand jury." The court cites with approval the former authorities, and proceeds as follows: "The district court, in a felony case, does not obtain jurisdiction of the offense unless by indictment. There must first be the act of a grand jury before the court's jurisdiction can attach in such case. A prosecution for a felony without indictment by a grand jury is not due process of law. In this State there can be no indictment unless there was a grand jury. The verdict and judgment without indictment, in a felony case, are absolute nullities and can not be the basis or warrant for any commitment. * * * In this case the court's jurisdiction not having attached, the court therefore had no jurisdiction of the subject matter. The conviction being without due process of law and in violation of the plain requirements of the Constitution, the warrant for the imprisonment of the applicant is therefore void, not voidable merely."

Then, if these authorities are correct, and we hold they are, the jurisdiction of the district court can not attach in felony cases until there has been an indictment preferred by a grand jury. The Constitution expressly provides that a grand jury shall consist of twelve men, and having spoken thus emphatically, its mandate must be obeyed; and no other number of men than twelve can constitute a grand jury. Therefore the act of more than twelve men constituting a grand jury will be utterly void and is not the basis of jurisdiction. Without jurisdiction, the district court can not act in felony cases any more than could the justice of the peace or the county court.

Looking to this question from an analogous constitutional standpoint, we find that judges are disqualified under certain circumstances, among others, where they shall have been of counsel in the case. It has been universally held, so far as we are aware, wherever the record shows, that where the judge who tried the case has been of counsel, he is necessarily, by the language of the Constitution, disqualified and without authority to try the case, and the court therefore is without jurisdiction. It is held by an unbroken line of authorities that under such circumstances, the judgment is utterly void. Abrams v. State, 31 Texas Crim. Rep., 449; Graham v. State, ante, p. 110. In Abrams' case, supra, we find this language: "The judgment rendered by the court presided over by a disqualified judge is a nullity, and the case would remain undisposed of as completely as if the judge had not been

present at the court." And in concluding the opinion it is said: "The trial was a nullity, the judgment void, and the cause stands upon the docket of the district court as if the proceeding complained of in the record had not occurred." Citing 58 Texas, 141; 23 Texas, 104; 60 Texas, 676; 75 Mo., 469; 19 Nev., 400; 24 Cal., 73; 37 Cal., 190; 105 Mass., 219; 17 Barb., 410, 411; 41 Barb., 200; 5 Cold., 217; 23 Ala., 85; 12 Fla., 138; 16 Wis., 635; 45 N. H., 52; 1 Hill, 54; 24 Wend., 63. This is true by reason of the constitutional inhibition against the judge sitting in a case in which he has been of counsel. This language is not any stronger than the guaranty of the Constitution, that no man shall be prosecuted for a felony, except upon the indictment of a grand jury.

In People v. Connor, 142 New York, 130, the question arose as to the effect of a trial and judgment presided over by a judge who was disqualified by reason of his relation to one of the parties to the suit. This language is found: "The trial proceeded, and proof of the relationship of the justice on the former trial to defendant was made, the defendant's identity established, and all the proceedings on the first trial shown. The court instructed the jury that the plea of former conviction was not sustained unless there was in fact a lawful trial and conviction. That if the former trial was before a court, one of the members of which was related to the defendant within the prohibited degree, then the court was improperly constituted and without jurisdiction in the case; and so the result would be a mistrial, and no bar to another trial. The defendant's counsel excepted to these instructions, and the jury determined the issue upon the special plea in favor of the people." The Court of Appeals, passing upon that phase of the case, said: "There was no error in the charge or rulings of the court with respect to the effect of the former trial and verdict. Section 46 of the code applies to all trials, civil and criminal. The court before which the first trial was had was so constituted that it was without jurisdiction to try the particular case, and hence all proceedings before it in the case were absolutely void. In contemplation of law there was no trial and no conviction. The trial and verdict were such only in form, without the power or jurisdiction to give any validity or legal effect whatever. When the verdict had been recorded, no legal result had been accomplished that had the slightest effect upon the rights or liberty of the defendant. It could not be said that he was once in jeopardy within the legal and constitutional meaning of that term, since it implies a verdict or a trial before some court possessing jurisdiction."

We deem the reasoning in the line of cases with reference to the disqualification of judges analogous to that involved in the adjudication of this case. Both are constitutional inhibitions. Under all the authorities, so far as we have been able to ascertain, the judgment of a court rendered on an indictment preferred by an illegal grand jury and a judgment rendered by a judge who is disqualified, are nullities; and the reasoning in both instances are placed upon the same proposition; that is,

the court under such circumstances has no jurisdiction, and having no jurisdiction its judgments are nullities; there has been nothing tried, no more than if there had been no court at all. If this proposition is correct, and under the authorities it is unanswerable, the presentment of the first indictment into the District Court of Hill County was a nullity; the jurisdiction of that court did not attach by reason of the pretended indictment; all of the proceedings had were nullities, as much so as if no indictment had been preferred and no court in session. If this is not correct, it is by reason of the fact that an accused party can confer jurisdiction by consent to try a felony without the indictment preferred by a constitutional grand jury, and having consented to such jurisdiction he waives all his rights that would attach otherwise. Appellant's plea of jeopardy then can only be sustained upon the theory that an indictment is not a prerequisite to a trial and conviction in a felony. If this is not true, then consent can and does confer jurisdiction. If consent can dispense with the indictment, it is by reason of this waiver on the part of the accused of the constitutional provision requiring the presentment of such indictment by a constitutional grand jury. If he can do this, then his conviction would be upheld whether the indictment was or not preferred, and having thus consented, he could not afterwards question the conviction or any of its consequences. The judgment would not be void and the writ of habeas corpus would not lie to relieve of the consequences of such conviction. If, by consent under such circumstances, jurisdiction should be conferred and rights waived, then the long line of decisions in this State upon this question are of necessity erroneous, and must be overruled. Counsel for appellant would not maintain the proposition that the conviction was not void. Upon this he relied in the writ of habeas corpus which discharged him from the results of the first trial. If this indictment was not void, his first conviction was not illegal and the whole matter was but an irregularity. We are of opinion that it was void, and that the indictment in the first case did not confer jurisdiction, nor did it constitute the court trying him one of competent jurisdiction within the meaning of the Constitution. We are not discussing the question of defective averments in an indictment, nor informalities or irregularities attendant upon a trial where the jurisdiction of the court has attached. This question lies back of that, because the court was not a court of competent jurisdiction, in that its jurisdiction has never attached. The reasoning in Ex parte Degener, 30 Texas Criminal Reports, 566, and and Ex parte Duncan, 42 Texas Criminal Reports, 661, is directly in point.

We are of opinion the court was correct in sustaining the demurrer to that portion of the plea which sets up the time endured under the first proceeding as a credit against the verdict to be rendered in this case. All the authorities we have found bearing on this question are adverse to appellant's contention. Partial payments do not apply to judgments

imposing imprisonment, unless by the pardoning power in the commutation of time. The question of serving out full sentence is not involved, and therefore not discussed. The judgment is affirmed.

*Affirmed.*

[Note.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]