## EX PARTE EMMA OLIVER

No. 25389. June 6, 1951.
Rehearing Denied June 20, 1951.

Hon. P. C. Sanders, Judge Presiding.

*Sam L. Harrison* and *Theo P. Henley,* San Antonio, for petitioner.

*Austin F. Anderson,* Criminal District Attorney, *Joe F. Brown,* Assistant Criminal District Attorney, San Antonio, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

Relator was convicted of murder and assessed the death penalty. This court affirmed the conviction (See Oliver v. State 155 Tex. Cr. R. 461, 236 S.W. 2d 143).

After receipt of the mandate of this court, the death sentence was pronounced against relator, as provided by law, and she is now confined in the penitentiary awaiting execution.

Application was made praying for release of relator upon habeas corpus and a hearing was ordered by District Judge P. C. Sanders, at the conclusion of which relator was remanded to the custody of the penitentiary authorities to await the action of this court.

This court has heard and considered the petition as an original application for habeas corpus under the provisions of Art. 119, Vernon's Ann. C.C.P.

Being a collateral attack, in order to be entitled to relief it is incumbent upon relator to show that the judgment of conviction is void.

The allegations of the application are insufficient to raise a question as to the legality of the conviction, nor does the evidence heard thereon support the allegations.

The relief prayed for is therefore denied.

### ON RELATOR'S MOTION FOR REHEARING.

DAVIDSON, Judge.

When relator first presented to Judge Sanders her petition for the writ of habeas corpus, the judgment of conviction was assailed, solely because her attorneys were not present when the sentence of the court was pronounced against her. This failure to have her counsel present, she insisted, constituted a violation of due process of law as guaranteed by both State and Federal Constitutions.

Thereafter, relator amended her petition and then further assailed the judgment of conviction for the following reason, viz:

"Petitioner further shows the Court that at the time petitioner's amended motion for a new trial was heard before the Honorable W. W. McCrory, Judge, Criminal District Court of Bexar County, San Antonio, Texas, under the date of April 29th, 1950 that there was an agreement made between the District Attorney of Bexar County, Texas, and the said Criminal District Judge, W. W. McCrory, to overrule petitioner's motion for a new trial even though there were grounds for granting a new trial, all of which action was for the purpose of letting the said District Attorney of Bexar County, Texas, obtain a death penalty conviction; and further, it was understood and agreed by the said District Attorney and the Criminal District Judge of Bexar County, Texas, that after the sentence was affirmed by the Court of Criminal Appeals of Texas, Austin, Texas, that both the District Attorney and the Criminal District Judge, Bexar County, Texas, would go before the Board of Pardons &

Paroles, of the State of Texas, Austin, Texas, and obtain comutation (sic) of the death penalty to life imprisonment. This action on part of the District Attorney and the Criminal District Judge of Bexar County, Texas, was without the knowledge of petitioner and her counsel. Petitioner says that the action of the District Attorney and the Criminal District Judge of Bexar County, Texas, was unlawful, illegal, and a fraud, and deprived this petitioner of her constitutional rights and denied her due process of law afforded her under the Constitution and laws of the United States of America and the State of Texas."

We discuss these contentions in the order named.

In capital cases in this state, the sentence is not pronounced until the conviction has been finally determined upon appeal (Art. 769, C. C. P.). In such cases the sentence is not the final judgment, as is contemplated in ordinary felony cases. We are constrained, therefore, to conclude that the pronouncement of sentence in a case carrying the death penalty is not such a part of the trial proper as would require the presence of counsel, either under the statute law of this state or the decisions of the Supreme Court of the United States.

Note is also taken of the fact that there is neither a showing nor a contention before us that any fact, circumstance, or condition existed or arose at the time the sentence was pronounced which would have altered or changed relator's status or have prevented the imposition of sentence.

Art. 773, C. C. P., provides the "only reason which can be shown, on account of which sentence can not be pronounced." Relator makes no effort to bring her case within any of the reasons there set forth.

As to the second allegation, we note that Judge McCrory was not called as a witness, nor did he testify when the facts upon which the application for the writ of habeas corpus rests were developed before Judge Sanders. The proof here relied upon to sustain that allegation rests only in hearsay statements alleged to have been made by Judge McCrory and letters alleged to have been written by him. We are unable to accept such testimony as being sufficient to establish as a fact the allegation above mentioned.

Looking, however, to the allegations of the petition above

mentioned, it will be noted that the alleged agreement between Judge McCrory and the district attorney had no reference whatsoever to the trial of the case or to relator's guilt or innocence.

Relator has failed to point out any fact which will sustain his allegation that petitioner's motion for new trial was overruled "even though there were grounds for granting a new trial," and we find no testimony to support such allegation.

On the appeal, this court reviewed the trial court's action in overruling relator's motion for the new trial and, in affirming the conviction, held that there was no error requiring reversal of the judgment. No additional facts have been brought to our attention in the proceeding which would have required the granting of a new trial.

If Judge McCrory thought that a new trial should have been granted, he should have exercised his right to do so and not have overruled the motion for new trial. After the case had been appealed to this court and the judgment had become final by the judgment of this court, no authority existed in Judge McCrory to set aside that judgment.

The agreement which relator alleges was entered into appears to have related only to a recommendation to the Texas Board of Pardons. Judge McCrory appears to have carried out that agreement by personally appearing before the Texas Board of Pardons and recommending clemency for relator. The district attorney has, in the meantime, died.

We remain convinced, as stated in our original opinion, that the allegations of petitioner are insufficient to warrant the issuance of the writ of habeas corpus.

Relator's motion for rehearing is overruled.

Opinion approved by the court.