EX PARTE M. J. NATIONS

No. 28,953. April 3, 1957.
Relator's Motion for Rehearing Overruled May 8, 1957.

Relator represented himself.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

Relator, an inmate of the Texas Prison System, acting as his own counsel, seeks his release from confinement by writ of habeas corpus filed in the district court of Brown County, alleging that the sentence by virtue of which he is confined is void because his trial counsel was not present at the time he was sentenced.

The judge of the district court of Brown County filed the writ, developed the facts, and certified the same to this court in accordance with the terms of Article 119, V.A.C.C.P. From this, we learn that relator's trial counsel advised the court that neither he or his client desired to appeal the conviction, that he did not desire to be present when the relator was sentenced, and that he was absent at such time of his own volition.

The state submits that Ex parte Oliver, 156 Texas Cr. Rep. 235, 240 S.W. 2d 316, is authority for denying the writ.

Without passing on such contention at this time, we observe the following:

Relator was sentenced on April 5, 1950, to not less than two nor more than 25 years for the offense of assault with intent to rape.

Relator's prison record shows that he has credit on such sentence for more than 11 years and 6 months.

If this court were to grant the writ, we would not order relator discharged, as he prays, but would order him returned to Brown County for re-sentencing and relator would lose the credit which he has earned. Where a prisoner secures his release from confinement under a void sentence, he may not claim credit for the time he has served under such sentence. Ogle v. State, 43 Texas Cr. Rep. 219, 63 S.W. 1009, and Marshall v. State, 73 Texas Cr. Rep. 531, 166 S.W. 722.

Because of the peculiar circumstances here presented, the writ of habeas corpus is denied.

Relator may file a motion for rehearing if he desires.

### ON RELATOR'S MOTION FOR REHEARING

WOODLEY, Judge.

Relator insists that the absence of his counsel at the time sentence was pronounced entitles him to release from the penitentiary. We do not agree.

The facts certified by District Judge Newman show that appellant's counsel advised the court that neither he nor his client desired to appeal and that he did not desire to be present when the defendant was sentenced. It is further certified that appellant's counsel was absent of his own will and volition.

The sentence shows on its face that relator was brought into open court for the purpose of having sentence pronounced; that he was asked whether he had anything to say why sentence should not be pronounced and he answered nothing in bar thereof.

The absence of relator's counsel, under the facts certified, is not fatal to the conviction.

Relator's motion for rehearing is overruled.