### EX PARTE ALFRED B. HOLLEY

No. 32,814. November 9, 1960

Relator represented himself.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is an original application for writ of habeas corpus.

Relator is confined in the penitentiary under a life sentence in Cause No. 1268 in the district court of Carson County, dated October 4, 1954, the offense being felony theft. The punishment was enhanced under Art. 63 P.C. by reason of a conviction for forgery in the State of Oklahoma in 1947, and a felony theft conviction in Bailey County, Texas, in 1950.

The indictment is insufficient in law to support a life term under Art. 63 P.C., because there is no allegation that the theft for which relator was convicted in 1950 was committed after the judgment in the forgery conviction became final. See Arbuckle v. State, 132 Tex. Cr. R. 371, 105 S.W. 2d 219, 221; Armendariz v. State, 163 Tex. Cr. R. 515, 294 S.W. 2d 90, 99; Rogers v. State, 168 Tex. Cr. R. Rep. 306, 325 S.W. 2d 697, and Rogers v. State, 169 Tex. Cr. Rep. 239, 333 S.W. 2d 383, 385 and cases cited.

Relator has credit for more than ten years served upon said sentence, hence has served the maximum punishment which could lawfully have been assessed against him under the allegations of the indictment, either under Art. 62 P.C. or the statute fixing the punishment for felony theft. (Art. 1421 P.C.)

The rule which precludes an attack by habeas corpus upon an indictment because of its form should not and will not be applied in this proceeding for the following reasons.

Relator was tried without counsel to represent him. The trial court's docket shows that he gave notice of appeal following the verdict, but the notice does not appear to have been entered of record in the minutes of the court and no transcript on appeal was forwarded to this court.

Relief was prayed for by appellant in application to this court as early as October 11, 1954. His first application was denied upon information that no notice of appeal was given. A subsequent application, based upon the contention that he was deprived of his right to counsel, was denied upon the theory that the statutes in effect at the time of his trial did not require the appointment of counsel, and his rights had been fully protected.

Under the facts, it is now evident that had relator been represented by counsel or his rights protected his notice of appeal would have been entered. Should this have occurred, or should this court now order the plea entered and the appeal perfected,

the conviction would have to be set aside because of the insufficiency of the indictment.

The application for writ of habeas corpus is granted and relator is ordered released from further confinement under the life sentence in said Cause No. 1268 pronounced in the district court of Carson County, Texas, dated October 4, 1954.