**Ex Parte Bert Eugene FERRELL.**

**No. 39724.**

Court of Criminal Appeals of Texas.

June 22, 1966.

Rehearing Denied Oct. 19, 1966.

M. Gabriel Nahas, Jr., Raeburn Norris, Houston, for relator.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

### OPINION

MORRISON, Judge.

This is an original application for writ of habeas corpus wherein relator seeks to have this Court order that he be given credit upon his resentence on February 4, 1966, for the time he has been confined under a sentence imposed on March 19, 1953, which sentence was declared void by the United States District Court for the Eastern District of Texas.

Relator was originally sentenced to life imprisonment in Cause No. 67,984 on March 19, 1953, which was affirmed by this Court and reported in Tex.Cr.App., 261 S.W.2d 564. Thereafter, the United States District Court for the Eastern District of Texas granted relator's application for writ of habeas corpus on the ground that his attorney was not present at the time relator was sentenced in Cause No. 67,984, there being no showing that relator intelligently waived such right. The judgment of the Federal District Court entered on December 16, 1964, ordered that relator be released from the custody of the Texas Department of Corrections if he had not been re-sentenced in Cause No. 67,984 in the Criminal District Court of Harris County, Texas, within thirty days from the date thereof, his attorney being present in court at the time of sentencing.

Pursuant to this order and in compliance therewith, relator, his counsel being present, was re-sentenced on January 11, 1965, to life imprisonment in the state penitentiary by the Criminal District Court of Harris County, Texas. Appeal therefrom was perfected to this Court; the judgment of the trial court was reformed to provide for relator's confinement for a term of ten years. As reformed, the judgment was af-

firmed. Ferrell v. State, Tex.Cr.App., 397 S.W.2d 86.

During the pendency of the appeal, relator filed an original application for writ of habeas corpus in this Court alleging that he was entitled to be discharged from custody because the "re-sentencing was a nullity." This application was denied on January 3, 1966, by written order wherein it was stated "Petition for writ of habeas corpus is denied without prejudice to petitioner's right to apply to the trial judge for credit on his sentence under "Article 42.03, C.C.P., 1965 (Article 768, V.A.C.C.P.)"

Relator then filed his "Defendant's Motion for Resentencing and Credit for Time Served" with the trial court. After a hearing, the trial court in compliance with the suggestion contained in our order re-sentenced relator to ten years, giving him credit from January 11, 1965.

Relator now contends that the "trial court by re-sentencing relator as it did, could only date the time from the original sentence which was March 19, 1953, and not January 11, 1965."

■ In the re-sentencing procedure authorized by Article 42.03, Vernon's Ann. C.C.P. and its predecessor, Article 768, V.A. C.C.P., the trial judge allowed all of the credit on the 10 year sentence such statutes authorized him to allow.

■ Article 42.06, V.A.C.C.P. and its predecessor, Article 772, V.A.C.C.P. clearly relate to sentence pronounced nunc pro tunc before appeal is taken, and not to re-sentence after affirmance for the purpose of crediting the time the defendant is in jail pending appeal.

■ We are without authority to order that relator be given credit upon his sentence for the time he was confined under a void sentence. Ogle v. State, 43 Tex.Cr.R. 219, 63 S.W. 1009; Ex parte Nations, 164 Tex.Cr.R. 611, 301 S.W.2d 675; Attorney

General Opinion C–677, delivered May 5, 1966.

The application for writ of habeas corpus is denied.

## DISSENTING OPINION

McDONALD, Presiding Judge.

The re-sentencing proceedings were instituted after the effective date of the Code of Criminal Procedure, 1965, the provisions of which are therefore applicable to those proceedings. Article 1.02, V.A.C.C.P.

Article 42.06, V.A.C.C.P. provides:

"If there is a failure from any cause whatever to enter judgment and pronounce sentence, the judgment may be entered and sentence pronounced at any subsequent time, unless a new trial has been granted, or the judgment arrested, or an appeal has been taken. Any time served or punishment suffered from the time the judgment and sentence should have been entered and pronounced and until finally entered shall be credited upon the sentence finally pronounced."

The allowance of credit, under Article 42.03, supra, for time spent in jail pending final disposition of a cause is discretionary with the trial judge, such time not being part of the punishment. The allowance of credit, under Article 42.06, supra, for time served or punishment suffered from the time the judgment and sentence should have been entered and pronounced until finally entered is not discretionary with the trial court, but is mandatory.

The sentence upon relator's judgment of conviction should have been pronounced on March 19, 1953, when relator was in fact originally sentenced in the void proceeding. Mandate affirming the conviction in that cause was issued by this Court on November 13, 1953, and relator's punishment under that void sentence began on that date. At the time he was *finally sentenced,* relator had actually served in excess of 12

years on that sentence and, including compensatory time earned, had total time to credit of almost 19 years.

While Article 42.06 applies in situations where no judgment has been entered or sentence pronounced, I conclude that the second sentence of that statute is also applicable where the sentence pronounced is void, thereby necessitating re-sentencing, as a void sentence is, in effect, no sentence at all. The result is that where time has been served under a void sentence the amount of time served must be credited on the corrected sentence. I think it was mandatory that relator receive credit for this time when he was re-sentenced on February 4, 1966, and the sentence pronounced on that date should be reformed to so reflect.

It is the writer's view that relator having served in excess of the statutorily-fixed 10 year sentence for the offense of which he was convicted, his continued confinement is unlawful. Writ of habeas corpus should be granted and relator ordered discharged.

I respectfully dissent.

## ON MOTION TO CONSOLIDATE WITH FERRELL vs. STATE, No. 38,660

WOODLEY, Judge.

Motion has been filed requesting that the affirmance of the judgment of conviction as reformed, in Cause No. 38,660, be withdrawn; that said cause be consolidated with this Cause No. 39,724 and that the judgment of conviction be "reversed and rendered" because petitioner and appellant Ferrell has served in excess of 10 years. Ex parte Holley, 170 Tex.Cr.R. 206, 339 S.W.2d 903, is cited.

Ex parte Nations, 164 Tex.Cr.R. 611, 301 S.W.2d 675, and Ogle v. State, 43 Tex.Cr.R. 219, 63 S.W. 1009, are authority for our holding that petitioner is not entitled to discharge upon the theory that he may claim credit for the time served under the life

sentence held by the Federal Court to be void.

Chief Justice Tuttle, writing for the United States Court of Appeals for the Fifth Circuit in Edge v. Wainwright, 347 F.2d 190, pointed out that Edge had served over 12 years of the 15 year sentence he was attacking collaterally, and said:

"It has not yet been held, to our knowledge, that the State could be precluded from retrying him on the manslaughter charge or from refusing to credit his twelve-year's service against any subsequent sentence which might be imposed upon him. * * *

"The question is a knotty one which should be considered by the appellant and the counsel who will represent him upon remand. We express no opinion on whether it would be a denial of due process for the State to reincarcerate Edge for the same offense, if he is successful in obtaining habeas corpus relief, without any credit for the twelve years he has already served. The spectre of Edge's being subjected to as much as twenty more years of prison is such, however, that we feel constrained expressly to allude to the problem."

▇ Judge Tuttle's statement is appropriate here and we would be inclined to give serious consideration to petitioner's motion to withdraw our affirmance of the judgment of conviction as reformed were it not for the fact that a re-examination of the record convinces us that the indictment is valid; that there was no reversible error at the trial; that sufficient evidence was introduced to sustain the jury's finding that the offense of forgery for which petitioner was convicted in 1949 was committed after his conviction for robbery in 1941 became final, and that the judgment with punishment of life should have been affirmed.

(The indictment was introduced in evidence in which was set out the check alleged to have been forged, which check was dated November 19, 1948, the date on or about which the offense was alleged to have been committed.)

We were in error in sustaining the state's motion to reform the judgment. The error was favorable to the petitioner and will not, at this late date in the term, be disturbed.

Petitioner's motion to consolidate and for reversal is overruled.