

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

May 5, 1966

Dr. George J. Beto
Director
Texas Department of Corrections
Huntsville, Texas

Opinion No. C-677

Re: When an original con-
viction is declared
void by a federal court,
is the defendant en-
titled to calendar time
served on the original
conviction, on a sub-
sequent conviction for
the same offense and
related question.

Dear Dr. Beto:

You have sent two letters requesting an opinion of this office, both letters being dated February 14, 1966. In your first letter you ask two questions. First you ask if a defendant, on a subsequent conviction for the same offense, is entitled to calendar time served on the orig-inal conviction when the original conviction has been set aside and declared void by a federal court. Next you ask, if the answer to your first question is in the affirmative, if the defendant is entitled to good time earned on the first conviction.

In the case of Ogle v. State, 63 S.W. 1009, (Tex. Crim.1901), the court held that an appellant convicted of murder under a void indictment, who had served 17 years under the void sentence and was released by habeas corpus, was not entitled to have his time served under the void conviction deducted from a sentence imposed after a subse-quent conviction for the same offense under a valid indict-ment.

The Ogle case has been cited as authority numerous times in Texas as well as several other jurisdictions. The Texas Court cited it as authority as recently as 1957 in the case Ex parte M. J. Nations, 301 S.W.2d 675, (Tex.Crim.1957).

In your second letter you ask if a defendant is en-titled to good time earned under a sentence declared void by an order of a federal court when such defendant is re-turned to the state court in which he was originally con-victed and is re-sentenced, said re-sentence being dated back to begin at the same time the void sentence began.

In the Nations case, supra, relator sought his release from confinement by writ of habeas corpus alleging that the sentence by virtue of which he was confined was void because his trial counsel was not present at the time he was sentenced. The Court, in its opinion, stated:

"Relator was sentenced on April 5, 1950, to not less than two nor more than 25 years for the offense of assault with intent to rape.

"Relator's prison record shows that he has credit on such sentence for more than 11 years and 6 months.

"If this Court were to grant the writ, we would not order relator discharged, as he prays, but would order him returned to Brown County for re-sentencing and relator would lose the credit which he has earned. Where a prisoner secures his release from confinement under a void sentence, he may not claim credit for the time he has served under such sentence. Ogle v. State, 43 Tex. Cr.R. 219, 63 S.W. 1009, and Marshall v. State, 73 Tex.Cr.R. 531, 166 S.W. 722, L. R.A. 1915A, 526."

The United States Court of Appeals for the Fifth Circuit has recently waved a warning flag in circumstances such as this. In the case of Edge v. Wainwright, 347 F.2d 190, (1965) at page 194, the court said:

"The question is a knotty one which should be considered by the appellant and the counsel who will represent him upon remand. We express no opinion on whether it would be a denial of due process for the State to reincarcerate Edge for the same offense, if he is successful in obtaining habeas corpus relief, without any credit for the twelve years he has already served. The spectre of Edge's being subjected to as much as twenty more years of prison is such, however, that we feel constrained expressly to allude to the problem."

However, that same court, in the same case, at page 193, said:

"One more observation is in order. Edge
has already served over twelve years of a
fifteen year sentence. It has not yet been
held, to our knowledge, that the State could
be precluded from retrying him on the man-
slaughter charge or from refusing to credit
his twelve-year's service against any subse-
quent sentence which might be imposed upon
him."

Like the Fifth Circuit Court of Appeals, this
office knows of no holding that would preclude the State
from retrying a defendant for the same offense or from re-
fusing to credit him with the time he has served under a
void sentence, against any subsequent sentence which might
be imposed upon him.

The Ogle case, supra, and the Nations case, supra,
were both decided by the Court of Criminal Appeals, the
highest criminal appellate court in the State of Texas.
This office is bound by that Court's construction of our
criminal laws.

Other states have statutes which provide that
defendants in circumstances such as the ones you set forth
are entitled to time served and good time earned under a
void sentence. There is no such statutory law in the
State of Texas. The Ogle case, supra, was decided in
1901 and the Nations case, supra, was decided in 1957.
Since that time our State Legislature has had more than
adequate opportunity to change the law if it felt such a
change was necessary or desirable.

## SUMMARY

A defendant is not entitled to calendar
time served on a subsequent conviction when
the original conviction for the same offense
has been set aside and declared void by a
federal court. A defendant is not entitled
to good time earned under a conviction, when
the sentence is declared void by an order of
a federal court and such defendant is re-
turned to the State court in which he was
originally convicted and is re-sentenced.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: ROBERT E. OWEN
Assistant Attorney General

REO/er

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
W. O. Shultz
John Banks
Lonnie Zwiener
Kerns Taylor

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright